560 P.2d 405

The STATE of Arizona, Appellee,

v.

O'Dell MADISON, Appellant.

No. 3624.

Supreme Court of Arizona,
In Banc.

Jan. 7, 1977.

Bruce E. Babbitt, Atty. Gen. by William J. Schafer, III and Thomas G. Bakker, Asst. Attys. Gen., Phoenix, for appellee.

Westover, Choules, Shadle & Bowen, P. C. by Allen J. Clark, Yuma, for appellant.

CAMERON, Chief Justice.

The defendant, O'Dell Madison, appeals from a jury verdict and judgment of guilt to first degree burglary and grand theft, A.R.S. § 13–302 and § 13–663, with a prior

conviction, A.R.S. § 13–1649(A)(1). Sentence was imposed at not less than 12 years nor more than 15 years for the burglary; and not less than 10 years nor more than 12 years for the grand theft, said sentences to run concurrently. This court has jurisdiction pursuant to Rule 47(e)(5), Rules of the Supreme Court, 17A A.R.S.

The issues are:

1. Was the defendant twice placed in jeopardy where the trial court sua sponte declared a mistrial over the defendant's objection following a jury verdict of guilt and the defendant was thereafter retried?

2. Did the trial court's remarks to the prospective jury panel prejudice the defendant?

3. Did the State prove the elements of the crime?

4. Was the defendant denied a speedy trial?

The pertinent facts are as follows. By indictment the defendant was charged with committing: burglary and grand theft of the Western Auto Store on 18 April 1975; burglary and grand theft of Rascos Dry Goods Store on 12 May 1975; burglary and grand theft of Western Auto on 20 May 1975. The alleged crimes all occurred in Yuma, Arizona. There was, in addition, one count of receiving stolen property. Trial was set for 10 July 1975. Three days before trial the State filed an addendum to the indictment alleging a prior conviction for first degree burglary. The defendant admitted the prior conviction at trial outside the presence of the jury. The jury returned verdicts of guilty to the charge of burglary and of grand theft of Western Auto on 18 April 1975. The defendant received directed verdicts or acquittals on the remaining counts.

On the day set for sentencing, 21 July 1975, the trial court realized that the defendant, who had been tried and convicted by an eight person jury, was, in fact, entitled to have been tried by a twelve person jury under Arizona Constitution and statute and the following transpired:

"THE COURT: There is a matter that has just occurred to me. The case was tried by eight jurors, the initial trial proceeding, the trial, of course, proceeding on the various counts that were charged standing by themselves, none of the counts could carry a sentence in excess of 15 years.

"MR. CLARK: It just occurred to me what you are getting at, Your Honor.

"THE COURT: And I do not subscribe to the theory that simply because he could be convicted, could have been convicted in this case of various crimes which you total them up and consecutive sentences were run without the prior being considered could have exceeded 30 years. I don't know what your attitude is on that, Mr. Clark or Mr. Nelson, but it just doesn't make sense to me that we have to try every person with 12 jurors simply because of the possibilities. I am concerned though with the fact that we did proceed to trial with a prior conviction, on a prior conviction with only eight jurors and nobody raised the question.

I didn't even think about it until now which leaves me in the position of thinking that it would be improper to sentence Mr. Madison on the basis of a prior conviction.

"MR. CLARK: I would—I would take that position. I'm a little bit embarrassed that Your Honor is taking over my job.

"THE COURT: No more than I am.

"MR. CLARK: I didn't think about that, but there's no question that the prior makes it a life end offense which means Mr. Madison was entitled to 12 jurors and I'm sure that Mr. Madison would want to appeal the matter if he did receive something in excess of that figure at this point in time.

"THE COURT: The prior conviction requires that he be sentenced—since the prior conviction was first degree burglary which is punishable in excess of five years it would require that he be resentenced to not less than ten years

and there isn't any maximum stated thereon; consequently, it would seem to me that even though we tried him on the basis of a prior conviction, Mr. Nelson, there is no way that this Court could validly sentence him on the basis of a prior conviction under the circumstances."

And:

"THE COURT: Number 7797, the State of Arizona versus O'Dell Madison. This matter was continued to this hour having previously been called for the purpose of pronouncement of judgment and sentence at which time I made the observation that we tried the case with eight jurors as opposed to 12, the prior being alleged, we ought to have tried the case with 12 jurors, at least in my opinion.

Now, gentlemen, on my own motion I am declaring a mistrial as to all counts with which Mr. Madison was charged and the matter will be reset for trial on all counts within 60 days of today's date.

The matter will be set down for trial on Wednesday, September 10, 1975, at 9:30. Is there anything further or record either of you gentlemen wish to make at this time?

"MR. CLARK: Yes, Your Honor. I'm going to oppose the mistrial primarily upon the grounds that my client has been found not guilty of five of the seven counts with which he was originally charged and I feel that he would be wrongfully placed in jeopardy really as regards all the charges that were brought against him. That's all I have.

"THE COURT: Anything, Mr. Nelson?

"MR. NELSON: For the record, Your Honor, the State would also oppose the mistrial. We would not set forth any reasons.

"THE COURT: I can't satisfy anyone. Well, gentlemen, my ruling will stand. I think it's fundamental that Mr. Madison should have been tried by 12 persons instead of merely eight. I have no question in my mind that he can be tried at least on the counts he was found guilty of, if not all."

The defendant was retried 19 September 1975 on the charge of burglary and of grand theft of Western Auto on 18 April 1975, the charges for which he was previously convicted, and was again found guilty as to both. The defendant was not retried on the five charges for which he was previously acquitted.

## DOUBLE JEOPARDY

The issue here is whether a defendant may be retried consonant with the prohibition against double jeopardy of the Fifth Amendment and Arizona Constitution, Art. 2, § 10, where the trial court sua sponte declares a mistrial over the defendant's objection, after the jury verdict but before the judgment and sentence.

■ The United States Supreme Court has consistently followed the approach first announced in *United States v. Perez*, 9 Wheat. 579, 6 L.Ed. 165 (1824) concerning the double jeopardy clause in the context of a declaration of mistrial over the defendant's objection. *Perez*, supra, states that the trial court is vested with authority to declare a mistrial, and the defendant may be retried consistently with the Fifth Amendment where, taking all circumstances in account, the court finds that "there is a manifest necessity for the [mistrial], or the ends of public justice would otherwise be defeated." 9 Wheat. at 580, 6 L.Ed. at 165. The court must scrupulously exercise its sound discretion in determining that the ends of public justice would not be served by a continuation of the proceedings. *United States v. Jorn*, 400 U.S. 470, 91 S.Ct. 547, 27 L.Ed.2d 543 (1971).

While the Supreme Court has emphasized that their double jeopardy decisions are considered "on the particular facts and thus escape meaningful categorization," *Illinois v. Somerville*, 410 U.S. 458 at 464, 93 S.Ct. 1066 at 1070, 35 L.Ed.2d 425 at 431 (1973), we think that the circumstances of the instant case can be analogized to previous decisions, summarized by Mr. Justice Rehn-

quist in *Illinois v. Somerville,* supra, involving a declaration of mistrial due to some type of serious error in the proceedings. In *United States v. Perez,* supra, the court held that "manifest necessity" justified the discharge of jurors unable to reach a verdict and therefore the double jeopardy clause did not bar retrial. Retrial was permitted in *Thompson v. United States,* 155 U.S. 271, 15 S.Ct. 73, 39 L.Ed. 146 (1894), where a mistrial was declared after the trial judge learned that one of the jurors had been a member of the grand jury that indicted the defendant, and in *Lovato v. New Mexico,* 242 U.S. 199, 37 S.Ct. 107, 61 L.Ed. 244 (1916), where after the first jury had been empaneled and sworn they were discharged after the State discovered that the defendant had not pled to the indictment. In *Illinois v. Somerville,* supra, the respondent was indicted for theft. After the jury was sworn in, the prosecutor realized that the indictment was fatally deficient under Illinois law in that it did not allege an essential element of the crime charged. Such defect could not be waived by the respondent's failure to object and could have been asserted on appeal or in a post-conviction proceeding to overturn a final judgment of conviction. The trial court concluded that further proceedings under the indictment would be useless and ordered a mistrial over the defendant's objection. Justice Rehnquist concluded that in light of the Illinois criminal procedural rules the declaration of a mistrial was manifestly necessary and was not an abuse of the trial court's discretion. He noted:

"A trial judge properly exercises his discretion to declare a mistrial if an impartial verdict cannot be reached, or if a verdict of conviction could be reached but would have to be reversed on appeal due to an obvious procedural error in the trial. If an error would make reversal on appeal a certainty, it would not serve 'the ends of public justice' to require that the Government proceed with its proof when, if it succeeded before the jury, it would automatically be stripped of that success by an appellate court." 410 U.S. at 464, 93 S.Ct. at 1070, 35 L.Ed.2d at 431.

Turning to the facts of the instant case, the defendant faced a potential sentence of not less than ten years to life because of the admitted prior felony conviction. A.R.S. § 13–1649(A)(1). Only eight jurors were empaneled at the first trial, although Arizona Constitution, Art. 2, § 23 reads:

"The right of trial by jury shall remain inviolate. Juries in criminal cases in which a sentence of death or imprisonment for thirty years or more is authorized by law shall consist of twelve persons. In all criminal cases the unanimous consent of the jurors shall be necessary to render a verdict. In all other cases, the number of jurors, not less than six, and the number required to render a verdict, shall be specified by law."

And our statute reads as follows:

"A. A jury for trial of a criminal case in which a sentence of death or imprisonment for thirty years or more is authorized by law shall consist of twelve persons, and the concurrence of all shall be necessary to render a verdict.

\* \* \* \* \* \*

"E. The parties in a civil case, and the parties with the consent of the court in a criminal case, may waive trial by jury, or at any time before a verdict is returned consent to try the case with or receive a verdict concurred in by a lesser number of jurors than that specified above." A.R.S. § 21–102(A) and (E).

Had the trial judge not declared a mistrial and had proceeded to sentence the defendant "reversal on appeal [would have been] a certainty." *Illinois v. Somerville,* supra; *Porter v. Superior Court,* 104 Ariz. 36, 448 P.2d 92 (1968). By declaring a mistrial and ordering retrial with a twelve person jury even after the jury had returned a verdict, *Houp v. State of Nebraska,* 427 F.2d 254 (8th Cir. 1970), the court prevented a possible reversal on appeal and corrected the error and afforded the defendant a second opportunity to defend against the charge.

We note also that even if the trial court was in error in granting a mistrial, we see no prejudice to the defendant. By the trial court's ruling, the defendant received a new trial which he might not have otherwise been entitled to. If the court was in error, there certainly was no prejudice to the defendant.

## REMARKS OF THE TRIAL COURT

A different judge presided over the second trial. The State was proceeding only on the two counts of which the defendant had been convicted at the first trial. In his introductory remarks to the prospective jury panel the judge stated:

"By an Indictment returned in this court by the Grand Jury the defendant is charged with various criminal offenses. He now, of course, is before the court for the purpose of being tried upon these offenses."

Shortly thereafter the judge said:

"Are any of you ladies and gentlemen involved or connected in any way with Rascos?"

At this point the prosecutor and defense counsel approached the bench and a discussion was held off the record. The court then stated to the jury panel:

"I made a mistake, ladies and gentlemen, Rascos is not involved in the case in any way. It's only the Western Auto Store."

During the recess which followed, the defense counsel motioned for a mistrial on the basis that the above remarks had implicated the defendant in other offenses to his prejudice. The court denied the motion. When the twelve jurors were empaneled and sworn, the court stated:

"Ladies and gentlemen, as you heard the court state a few moments ago, and as you will hear the clerk read in a few moments, the defendant, O'Dell Madison, was charged with two offenses. One is burglary. The other is grand theft."

We do not believe the defendant was prejudiced in any way by these remarks. The jury could have easily ascribed the reference to "Rascos" as a mere oversight on the court's part. Any error was cured by the court's immediate correction. Any potential prejudice resulting from the inadvertent reference to the defendant's being charged with "various criminal offenses" was dissipated, we think, when the court later clarified the phrase before the empaneled jury to mean that the defendant was charged with burglary and grand theft. *State v. Foster*, 83 N.M. 128, 489 P.2d 408 (1971); *McCracken v. State*, 431 P.2d 513 (Alaska 1967).

## DID THE STATE PROVE THE ELEMENTS OF THE CRIME?

Defendant contends that the State did not prove the elements of the crime of grand theft because of the failure to show that the property belonged to another.

Theft is the "felonious stealing, taking, carrying, leading or driving away the personal property of another." A.R.S. § 13–661(A)(1). The evidence indicates that the property was taken from Western Auto and defendant stated in his brief:

"Clearly, Western Auto is not a person. If the indictment had charged Western Auto, a corporation, and proof had been presented that it in fact was a corporation element of possession or ownership would have been proven since a corporation is in fact a person under the law. However, no evidence was presented at trial that Western Auto is a corporation. Further no evidence was presented as to who owned Western Auto."

If this be a valid objection, the testimony indicates that Western Auto was, in fact, identified as a corporation:

"Q  Mr. Garcia, who owns the store?

"A  The store is owned by the Western Auto Company."

We find no error.

## SPEEDY TRIAL

The defendant contends that he was denied a speedy trial upon retrial under Rule 8.2(b), Arizona Rules of Criminal Procedure (1973), because of the delay occasioned by the mistrial. Since we have

found that it was manifestly necessary for the trial court to declare a mistrial, Rule 8.2(d) applies. Rule 8.2(d) provides that a trial ordered after a mistrial shall commence within 60 days of the entry of the order of the court. The order for mistrial was entered 21 July 1975. The defendant was retried on 19 September 1975, the 60th day under the rule. We find no error.

Judgment affirmed.

STRUCKMEYER, V. C. J., and HAYS, HOLOHAN and GORDON, JJ., concur.