596 P.2d 374
**STATE of Arizona, Appellee,**

v.

**Neil Kevin COOK, Appellant.**

**No. 4530.**

Supreme Court of Arizona,
In Banc.

June 1, 1979.

John A. LaSota, Jr., Former Atty. Gen., Robert K. Corbin, Atty. Gen. by William J. Schafer, III, Gregory A. McCarthy, Asst. Attys. Gen., Phoenix, for appellee.

Ross P. Lee, Maricopa County Public Defender by Garth V. Smith, Deputy Public Defender, Phoenix, for appellant.

STRUCKMEYER, Vice Chief Justice.

Neil Kevin Cook was found guilty by a jury of first degree burglary and grand theft and sentenced to concurrent terms of not less than one nor more than four years in the Arizona State Prison. Jurisdiction was accepted pursuant to 17A, Rules of the Supreme Court, Rule 47(e)(5). Judgments affirmed.

On the morning of February 10, 1978, at approximately 4:00 a. m., Mr. and Mrs. Roger Roth were awakened by the sound of the opening of the door to their mini-motor home. They then saw someone standing inside the motor home next to the overhead berth in which they were sleeping. Thinking it was one of their friends from the nearby Ramada Inn, Mrs. Roth asked jokingly, "What are you doing? Are you trying to rob us or something?" Someone said, "Let's get out of here!", and the intruder left the motor home. Roger Roth discovered that a camera was missing, and the police were summoned.

The police arrived at approximately 4:30 a. m. After receiving a description of the burglar, they conducted a search of the adjacent area. The appellant's car was found about 80 yards from the Roth's motor home; the engine was warm and the keys were in the ignition. A short time later, appellant and a companion by the name of James Schwein were found lying on their backs under a nearby trailer. The Roths identified appellant's companion as the person they saw in their motor home. When asked by the police to show them the stolen property, appellant directed them to the northeast corner of another nearby trailer, where they found the camera identified as the one taken from the motor home. Appellant told the police that Schwein had placed it there.

Appellant argues first that there was insufficient evidence to support the verdicts. In *State v. Mosley,* 119 Ariz. 393, 581 P.2d 238 (1978), the defendant advanced a similar argument and we said:

"Our review is limited to the preliminary question of whether the trial court erred in failing to grant a judgment of acquittal. Under 17 A.R.S. Rules of Criminal Procedure, rule 20, the trial court must do so 'if there is no substantial evidence to warrant a conviction.' Thus, the trial court has no duty to direct an acquittal where there is substantial evidence that a defendant has committed the crime charged. *State v. Ortiz,* 115 Ariz. 43, 563 P.2d 298 (1977). A directed verdict should not be granted if the evidence is such that reasonable minds may differ on the inferences to be drawn therefrom. *State v. Latino,* 25 Ariz.App. 66, 540 P.2d 1285 (1975). Such evidence may be either circumstantial or direct. *See State v. Turrubiates,* 25 Ariz.App. 234, 542 P.2d 427 (1975) * * * Having found 'substantial admissible evidence' for submission to the jury which would support a guilty verdict, this court will not disturb the trial court's denial of a motion for directed verdict of acquittal. *State v. Money,* 110 Ariz. 18, 514 P.2d 1014 (1973)."

We think that reasonable men could find from the evidence in this case that appellant was present and participated in the offenses. The Roths said in their testimony that they heard a voice state, "Let's get out of here!". This tends to indicate the presence of more than one person in the motor home. Appellant was later found hiding under a trailer with the person identified by the Roths as the intruder they had seen 45 minutes earlier in their motor home. Moreover, appellant directed the investigating officers to the stolen property and his automobile was found nearby. The trial court did not err in denying appellant's motion for a directed verdict.

Appellant argues next that the court erred in refusing to declare a mistrial after

discovering that appellant was entitled to a twelve-member jury.

[redacted] Appellant was charged with first degree burglary and grand theft. The sentence for first degree burglary can range from one to fifteen years, and for grand theft from one to ten years. On April 10, 1978, the State filed a motion to amend the indictment to allege a prior conviction.[1] By A.R.S. § 13–1649(A)(1), appellant could have received a sentence ranging up to life imprisonment.

Article II, Section 23 of the Arizona Constitution provides in part:

> "The right of trial by jury shall remain inviolate. Juries in criminal cases in which a sentence of death or imprisonment for thirty years or more is authorized by law shall consist of twelve persons * * *."

Appellant was therefore entitled to a twelve-member jury.[2]

[redacted] After the close of the defendant's case, appellant's counsel brought to the attention of the court the fact that appellant was entitled to a twelve-member jury, and moved for a mistrial. The court denied the request for a mistrial and granted the State's motion to withdraw the allegation of a prior conviction. The trial continued and ultimately resulted in appellant's conviction.

Appellant argues that the appropriate remedy upon discovering the defect was to declare a mistrial. He cites *State v. Madison,* 114 Ariz. 221, 560 P.2d 405 (1977), as authority for this position. In *Madison,* the defendant could have received a sentence of not less than ten years to life; however, he was tried by an eight-member jury. Upon learning of this defect, the court declared a mistrial. On appeal, we found that the defendant was not prejudiced by the declaration of a mistrial since, had the trial court not declared a mistrial, reversal on appeal was a certainty.

The instant case is clearly distinguishable. The defect in *Madison* was not discovered until after the jury returned its verdict. Here, the court knew of the problem before the case was submitted to the jury. Moreover, we only approved the actions of the court in *Madison* as appropriate under the circumstances. We did not hold that a mistrial was the only appropriate remedy. We think the trial court properly exercised its discretion in permitting the State to withdraw the allegation of a prior conviction.

Judgments affirmed.

CAMERON, C. J., and HAYS, HOLOHAN and GORDON, JJ., concur.

[redacted]

1. The record does not reflect that the court granted this motion; however, the motion had the effect of automatically amending the indictment. *State v. Birdsall,* 116 Ariz. 112, 114, 568 P.2d 419, 421 (1977).

2. A.R.S. § 21–102(A) provides:

   "A jury for trial of a criminal case in which a sentence of death or imprisonment for thirty years or more is authorized by law shall consist of twelve persons, and the concurrence of all shall be necessary to render a verdict."