139 Ariz. 76 (1983)
676 P.2d 1134
STATE of Arizona, Appellee,
v.
Michael FANCY, Appellant.
No. 1 CA-CR 6051.
Court of Appeals of Arizona, Division 1, Department B.
October 20, 1983.
Reconsideration Denied December 20, 1983.
Review Denied February 22, 1984.
*77 Robert K. Corbin, Atty. Gen. by William J. Schafer, III, Chief Counsel, Crim. Div. and Jessica Gifford, Asst. Atty. Gen., Phoenix, for appellee.
Kemper & Henze by James Hamilton Kemper, Phoenix, for appellant.
OPINION
GREER, Judge.
The determinative issue in this case is whether the defendant is entitled to a new trial because he was convicted by an eight person jury when the Arizona Constitution and state statute required a twelve person jury. The facts necessary to a resolution of this matter are as follows.
The defendant was charged by indictment with count one, trafficking in stolen property, second degree, a class three felony; count two, second degree burglary, a class three felony; and, count three, theft, a class four felony. The state alleged two prior convictions. After the evidence had been presented to an eight person jury, but prior to the jury's deliberation, defendant's counsel discovered that A.R.S. § 21-102(A) and the Arizona Constitution require a trial by a twelve person jury in any criminal case in which a sentence of death or imprisonment for thirty years or more is authorized. In light of his admissions to the two prior felony convictions, the defendant faced a possible maximum sentence of fifty-two years imprisonment. Thus, defendant was entitled to be tried by a twelve person jury. Therefore, defendant's counsel *78 filed a motion for a mistrial. Although the trial court acknowledged the error, it concluded it could be cured if, prior to sentencing, some of the counts of the indictment or allegations of prior convictions were dismissed so that the maximum authorized sentence was less than thirty years. The jury subsequently returned a guilty verdict as to all three counts. The court thereafter granted the state's motion to dismiss both prior felony allegations as to count one and count two, and one of the prior felony allegations as to count three. The court's order had the effect of reducing the maximum authorized sentence to less than thirty years. The defendant was eventually sentenced to two concurrent eight year sentences and one consecutive six year sentence.
Article two, section twenty-three of the Arizona Constitution provides:
The right of trial by jury shall remain inviolate. Juries in criminal cases in which a sentence of death or imprisonment for thirty years or more is authorized by law shall consist of twelve persons. In all criminal cases the unanimous consent of the jurors shall be necessary to render a verdict. In all other cases, the number of jurors, not less than six, and the number required to render a verdict, shall be specified by law.
And, A.R.S. § 21-102(A) requires:
A jury for trial of a criminal case in which a sentence of death or imprisonment for thirty years or more is authorized by law shall consist of twelve persons, and the concurrence of all shall be necessary to render a verdict.
In State v. Madison, 114 Ariz. 221, 560 P.2d 405 (1977), our supreme court held that the trial court properly declared a mistrial where a similar error was discovered after the jury returned its verdict.
In State v. Cook, 122 Ariz. 539, 596 P.2d 374 (1979), the court held that a mistrial was not necessary where a similar error was discovered prior to submission of the case to the jury. The court upheld the trial court's order permitting the state to withdraw an allegation of prior conviction so that the maximum possible sentence was less than thirty years. The court distinguished the facts in State v. Cook from those in State v. Madison:
Appellant argues that the appropriate remedy upon discovering the defect was to declare a mistrial. He cites State v. Madison, 114 Ariz. 221, 560 P.2d 405 (1977), as authority for this position. In Madison, the defendant could have received a sentence of not less than ten years to life; however, he was tried by an eight-member jury. Upon learning of this defect, the court declared a mistrial. On appeal, we found that the defendant was not prejudiced by the declaration of a mistrial since, had the trial court not declared a mistrial, reversal on appeal was a certainty.
The instant case is clearly distinguishable. The defect in Madison was not discovered until after the jury had returned its verdict. Here, the court knew of the problem before the case was submitted to the jury. Moreover, we only approved the actions of the court in Madison as appropriate under the circumstances. We did not hold that a mistrial was the only appropriate remedy. We think the trial court properly exercised its discretion in permitting the State to withdraw the allegation of a prior conviction.
Id. 122 Ariz. at 541, 596 P.2d at 376.
In the instant case, the trial court had the discretion, under State v. Cook, to allow the state to dismiss certain counts of the indictment or allegations or prior felony convictions so as to reduce the maximum authorized sentence to less than thirty years. However, it was necessary that any dismissal become effective prior to deliberation by the jury. Had the dismissals occurred before that point in the trial there would have been substantial compliance with the Arizona Constitution and state statute.
In Williams v. Florida, 399 U.S. 78, 90 S.Ct. 1893, 26 L.Ed.2d 446 (1970), the United States Supreme Court reaffirmed the principle that the jury system is a safeguard against government oppression. *79 "Providing an accused with the right to be tried by a jury of his peers gave him an inestimable safeguard against the corrupt or overzealous prosecutor and against the compliant, biased, or eccentric judge." Id. at 100, 90 S.Ct. at 1905-1906. This purpose is attained by the participation of the community in determination of guilt by the application of the common sense of laymen who, as jurists, consider the case. Id.
Although it is clear that an eight person jury is constitutionally valid, Williams v. Florida (upholding use of a six-person jury in a criminal case), it is also clear that smaller juries inure to the benefit of the prosecution. Ballew v. Georgia, 435 U.S. 223, 98 S.Ct. 1029, 55 L.Ed.2d 234 (1978).[1] By enacting A.R.S. § 21-102(A), our legislature has manifested a clear intent to provide every advantage of a larger jury[2] to those criminal defendants faced with the possibility of a substantial term of imprisonment. Unlike the facts in State v. Cook, supra, the court's action in this case allowed an eight person jury to actually deliberate on the fate of a defendant who was, at the time the jury was deliberating, faced with the possibility of a term of imprisonment for more than thirty years. This was a clear violation of the statute and our constitution. If we were to affirm the trial court's order, our holding would have the practical effect of allowing a criminal trial to an eight person jury in violation of the Arizona Constitution and state statute anytime the jury returned a verdict with convictions which would authorize a sentence of less than thirty years, even though the defendant faced a possible sentence in excess of thirty years at the start of the jury's deliberation. But this is clearly not what the legislature intended by enactment of the statute.
Moreover, if we were to approve of the procedure utilized in the instant case, the state could always demand an eight person jury, knowing that it could later dismiss some charges if necessary. We do not believe the founders of our constitution nor the state legislature anticipated such a process. Additionally, such a procedure would encourage overzealous prosecutors to add additional charges to the criminal indictment, hoping to increase the likelihood of conviction on at least some of the charges. Although we are confident that most prosecutors would not be so influenced, we cannot permit the possibility to occur.
The defendant also objects to the following jury instruction given by the court:
The sale of stolen property at a price substantially below its fair market value permits a conclusion that the seller was aware of the risk that it had been stolen.
Possession of recently stolen property permits a conclusion that the person in possession was aware of the risk that it had been stolen.
The sale of stolen property outside the regular course of business or without the usual evidence of ownership permits a conclusion that the seller was aware of the risk that it had been stolen.
Defendant contends the instruction was improper because he was not charged with being "a fence," a person dealing in stolen property on a full-time basis. We disagree. The above instruction has been adopted as Recommended Arizona Jury Instruction, numbers 18.025(a), (b), and (c). It is adopted from A.R.S. § 13-2305. That statute is devoid of any reference or inference to the requirement that the defendant be charged with being a fence. The evidence *80 in the instant case supports the giving of the jury instruction.
The judgment of the trial court is reversed, the jury verdict vacated, and this matter remanded for a new trial consistent with this opinion.
GRANT, Acting P.J., and JACOBSON, J., concur.
NOTES
[1] In Ballew v. Georgia, 435 U.S. 223, 98 S.Ct. 1029, 55 L.Ed.2d 234 (1978), the United States Supreme Court discussed findings from a plethora of scholarly articles addressing the effects of smaller juries in criminal cases. The court noted: 1) recent empirical data suggest that smaller juries are less likely to foster effective group deliberation; 2) statistical studies suggest the risk of convicting an innocent person rises as the size of the jury diminishes; 3) the data suggests that verdicts will vary as juries become smaller, and that the variance amounts to an imbalance to the detriment of the defense; and, 4) reduction in size of the jury erects barriers to fair representation by minorities. Id. at 233-237, 98 S.Ct. at 1035-1037.
[2] Id.