OPINION
BIRDSALL, Judge.
The appellant was found guilty by an eight-member jury of the crimes of attempted theft and second-degree burglary *134 and he admitted two prior felony convictions. He was originally charged with theft of property having a value of over $100 (a refrigerator) and the burglary. In addition, two prior convictions were alleged. Upon realizing during the trial that possible sentences totaling more than 30 years could be imposed on those charges, the trial court, over appellant’s objection, reduced the theft charge to attempted theft. Thus the appellant’s maximum sentencing exposure was reduced to less than 30 years.
This appeal presents two issues. The first involves the court’s amendment of the theft charge, and the second, the court’s refusal of a lesser-included trespass instruction in connection with the burglary charge.
We affirm.
Two very recent decisions of the court of appeals have considered questions relating to the jury issue. In State v. Fancy, 139 Ariz. 76, 676 P.2d 1134 (1983), Division One of our court reversed convictions where the charges totaling possibly 30 years were not reduced until after the jury verdicts. In State v. Prince (App. No. 2 CA-CR 2876, filed September 22, 1983), this division of the court reversed convictions resulting from verdicts of an eight-person jury when the appellant was entitled to a jury of twelve. Arizona Constitution, Art. 2, § 23. In that case we found the error was fundamental.
The instant case does not require reversal because the theft charge was amended prior to the submission to the jury. See State v. Cook, 122 Ariz. 539, 596 P.2d 374 (1979) and State v. Parker, 22 Ariz.App. 111, 524 P.2d 506 (1974). Both of those cases involved allegations of prior convictions which were dismissed in order to reduce sentencing exposure; however, the reasoning that there was no error because the defendant was not exposed to imprisonment of 30 years or more is the same. Cook distinguishes State v. Madison, 114 Ariz. 221, 560 P.2d 405 (1977), where a mistrial was declared when the error was discovered after the jury verdicts.
The appellant argues that the trial court’s remedy was inadequate because the case began and proceeded through jury selection, opening statements and the examination of two witnesses before the problem was discovered and the remedial reduction amendment proposed. He contends he was prejudiced — that he would have tried the case differently to that point if the charge had been attempted theft rather than theft. He argues that the jury was originally informed the charge was theft and was never told the indictment was amended. The trial court merely instructed and gave the jury verdict forms on attempted theft rather than theft. The problem we have with the appellant’s argument is that no prejudice has been shown. The appellant did not even argue prejudice to the trial court.
No evidence shows the appellant was prejudiced by the amendment. The evidence showed that the victim had recently purchased the home as rental property. It was vacant but contained some appliances. Upon visiting it on May 22, 1982, he observed that both the front and back doors had been knocked down and the washing machine was gone. Thinking he might catch the thieves, he left and returned again to find the appellant and another man putting his refrigerator into the trunk of their car. A chase followed, the victim obtained the license number, and the appellant was later apprehended. Appellant's story, from statements to the police, and at trial, was that he was helping a friend and did not know anything was wrong. He admitted being there when his friend kicked in the doors. He helped move the washing machine. He did admit he thought something was wrong when the friend kicked in the doors but still believed his friend had purchased the appliances.
We fail to see how the change in the offense to attempt was prejudicial in view of those facts. In fact since the appellant was caught in the act of stealing the refrigerator the jury may well have thought at *135 tempt was the original and only proper charge.
Turning now to the requested trespass instruction, the appellee contends that the court properly refused it because there was no evidence to support it; that the appellant was either guilty of burglary or not; that this was an “all or nothing” charge. See State v. Conroy, 131 Ariz. 528, 642 P.2d 873 (App.1982). The appellant attempts to distinguish Conroy. He argues since the appellant knew something was wrong when the forcible entry was made he could have been guilty of trespass when he entered. A.R.S. § 13-1504(A)(1), “A person commits criminal trespass in the first degree by knowingly: 1. Entering or remaining unlawfully in a residential structure ____” Assuming, arguendo, that argument is sound, the appellant then admits that he helped take the washing machine and the refrigerator believing that conduct was lawful. If the jury believed him then he was not guilty of theft or burglary. However, they did not believe him and found him guilty of both. There was no way they could have found him guilty of mere trespass in view of all the evidence. If the evidence had shown only that he entered the home and left without doing anything, then the lesser-included trespass instruction might have been proper. But that is not this case.
Although we would reject this second issue for the foregoing reason urged by the appellee, we also reject it because of State v. Malloy, 131 Ariz. 125, 639 P.2d 315 (1982). Malloy holds that because of the additional element of “knowingly” in criminal trespass, it is not a lesser-included offense of burglary.
Affirmed.
HOWARD, C.J., and HATHAWAY, J., concur.