687 P.2d 1220

**STATE of Arizona, Appellee,**

v.

**Jack Glenn HENLEY, Appellant.**

**No. 6128–PR.**

Supreme Court of Arizona,
In Banc.

May 1, 1984.

Reconsideration Denied June 5, 1984.

Robert K. Corbin, Atty. Gen. by William J. Schafer III and Jack Roberts, Asst. Attys. Gen., Phoenix, for appellee.

Diana G. Montgomery, Globe, for appellant.

CAMERON, Justice.

Defendant, Jack Glenn Henley, was convicted and adjudged guilty of two counts of aggravated assault, a Class 3 felony, and sentenced to a mitigated prison term of six years on each count under A.R.S. §§ 13–1203, 13–1204(A)(1) & (2), 13–604(G), and 13–701, to be served concurrently. The defendant appealed and the Court of Appeals, Division Two, issued a memorandum decision reversing the defendant's conviction. We granted the State's petition for review. We have jurisdiction pursuant to Ariz. Const. Art. 6, § 5(3), Rule 31.19, Arizona Rules of Criminal Procedure, 17 A.R.S., and A.R.S. § 12–120.24.

The issues we must decide on appeal are:

I. May a defendant who commits one act which results in two counts of aggravated assault receive consecutive sentences?

II. Did the defendant in this case have a right to a twelve-person jury?

III. Was the fact that defendant's case was tried to a jury consisting of less than twelve persons both fundamental and harmful error?

The facts necessary for a determination of this matter are as follow. On 5 November 1981 an altercation occurred at the Drift Inn Bar in Globe, Arizona. Initially, Gary Beagle and William Waldie engaged in a fist-fight outside the bar. Janice Beagle, Gary Beagle's wife, tried to pull William Waldie away from Mr. Beagle. Mrs. Beagle was in turn pulled away from Mr. Waldie by defendant, who allegedly threw her on the ground and began hitting her. Mrs. Beagle screamed for her husband, who broke away from Mr. Waldie and chased defendant back inside the bar. Defendant then allegedly obtained a gun and aimed and fired a shot at Mr. Beagle. This bullet hit Mr. Beagle, traveled through his body, and entered and lodged in the body of Mr. Waldie, who was standing behind Mr. Beagle. Mr. Beagle and Mr. Waldie were both hospitalized. A colostomy was performed upon Mr. Beagle. An exploratory laparotomy was performed upon Mr. Waldie and a bullet was removed from the wall of his stomach. The defendant was charged with, convicted, and adjudged

guilty of two counts of aggravated assault. He appealed to the Court of Appeals.

The Court of Appeals reversed the conviction, holding that the case should have been tried to a twelve-person jury rather than an eight-person jury. We granted the State's petition for review of the Court of Appeals' decision.

## AGGRAVATED ASSAULT AND CONSECUTIVE SENTENCING

■ The trial judge in this case apparently thought that he was precluded from imposing consecutive sentences:

it's the finding of the Court that, * * * the Court has no discretion in this matter to sentence consecutively. That not only did we have one act, but only one intent, * * *.

We do not agree. A person is guilty of assault if he

[i]ntentionally, knowingly or recklessly caus[es] any physical injury to another person; * * *

A.R.S. § 13–1203(A)(1). The accused is guilty of aggravated assault if when committing assault he "causes serious physical injury to another" or "uses a deadly weapon or dangerous instrument." A.R.S. § 13–1204(A)(1) & (2). Because defendant's objective was to shoot Gary Beagle, his conduct toward Mr. Beagle was intentional. A.R.S. § 13–105(5)(a). Defendant's conduct toward Mr. Waldie could fit under the "reckless" prong of A.R.S. § 13–105(5)(c) because Bill Waldie was standing behind Gary Beagle when the shot was fired.

■ The defendant may also be found guilty of "double aggravated assault" under another statute:

A. Conduct is the cause of a result when both of the following exist:

1. But for the conduct the result in question would not have occurred.

2. The relationship between the conduct and result satisfies any additional causal requirements imposed by the statute defining the offense.

B. If intentionally causing a particular result is an element of an offense, and the actual result is not within the intention or contemplation of the person, that element is established if:

1. The actual result differs from that intended or contemplated only in the respect that a different person * * * is injured * * *.

A.R.S. § 13–203. This statute essentially codifies the common law concept of transferred intent. As our Court of Appeals has stated:

[g]enerally criminal "offenses" are defined in relationship to a victim, at least in the category of crime with which the defendant was charged. * * * Equally, the law generally does not make the act itself criminal unless harm or potential harm results to another. Thus, conceptually, the law itself focuses on the results rather than the act.

*State v. Gunter,* 132 Ariz. 64, 69, 643 P.2d 1034, 1039 (App.1982). Although the court in Gunter, supra, was specifically addressing the word "offense" under the double jeopardy clause of the United States Constitution, this same reasoning applies when determining culpability for multiple aggravated assaults under our criminal code. When the act of firing one bullet results in two persons being injured, the person firing the bullet is responsible for two separate and distinct injuries and therefore has committed two assaults. This is so even though he has only committed one act and may only have had one "original" intent.

■ Because both counts are punishable under the same sections of the law, consecutive sentences would not have constituted double punishment in violation of our double punishment statute, A.R.S. § 13–116.

The purpose of the protection against multiple punishment is to insure that the defendant's punishment will be commensurate with his criminal liability. A defendant who commits an act of violence with the intent to harm more than one person or by means likely to cause harm to several persons is more culpable than

a defendant who harms only one person. * * * This distinction between an act of violence against the person that violates more than one statute and such an act that harms more than one person is well settled.

*Neal v. State,* 55 Cal.2d 11, 20, 357 P.2d 839, 844, 9 Cal.Rptr. 607, 612 (1960), cert. denied, 365 U.S. 823, 81 S.Ct. 708, 5 L.Ed.2d 700 (1961), quoted in *Gunter,* supra, 132 Ariz. at 70, 643 P.2d at 1040. *Accord, State v. Warren,* 124 Ariz. 396, 404, 604 P.2d 660, 668 (App.1979). There is neither a statutory nor a constitutional right to receive concurrent sentences for two separate offenses, *see* A.R.S. § 13–708; *State v. Wesley,* 131 Ariz. 246, 248, 640 P.2d 177, 179 (1982). Defendant Henley could have received consecutive sentences of fifteen years each for a maximum prison term of thirty years.

## RIGHT TO A TWELVE–PERSON JURY

■ Defendant asserts that his conviction should be reversed on appeal because he had a right to a twelve-person jury. We agree. Admittedly, the United States Supreme Court has held that a twelve-person jury "is not a necessary ingredient of 'trial by jury'," *Williams v. Florida,* 399 U.S. 78, 86, 90 S.Ct. 1893, 1898, 26 L.Ed.2d 446, 453 (1970). Our state constitution, however, states:

> The right of trial by jury shall remain inviolate. Juries in criminal cases in which a sentence of death or imprisonment for thirty years or more is authorized by law shall consist of twelve persons.

Ariz. Const. Art. 2, § 23. One of our relevant statutes reads:

> A jury for trial of a criminal case in which a sentence of death or imprisonment for thirty years or more is authorized by law shall consist of twelve persons, and the concurrence of all shall be necessary to render a verdict.

A.R.S. § 21–102(A).

Also, we look to the possible cumulative sentences in each case and not just the possible sentence for each count or charge. *See, e.g., State v. Buffum,* 125 Ariz. 488, 489, 610 P.2d 1049, 1050 (1980); *State v. Madison,* 114 Ariz. 221, 224, 560 P.2d 405, 408 (1977); *State v. Parker,* 22 Ariz.App. 111, 115, 524 P.2d 506, 510 (1974). Because defendant in the present case could have received two consecutive sentences of fifteen years, regardless of the sentence he actually did receive, he had a right to a twelve-person jury.

## FUNDAMENTAL ERROR AND HARMLESS ERROR

■ In the instant case, the defendant did not timely object to the eight-man jury. We have stated that:

> [w]hen error is not objected to at trial, the right to raise the matter on appeal is waived absent a finding of fundamental error. *State v. Thomas,* 130 Ariz. 432, 636 P.2d 1214 (1981). * * * [R]eversal is required where the fundamental error harms the defendant. *State v. Anderson,* 110 Ariz. 238, 517 P.2d 508 (1973).

> *       .*       *       *       *       *

> [F]undamental error need not be reversible when there is substantial evidence in the record to support the verdict and it can be said that the error did not, beyond a reasonable doubt, contribute significantly to the verdict. *State v. Thomas,* supra; *State v. Anderson,* supra. This is the harmless error doctrine approved by the United States Supreme Court in *Chapman v. California,* 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967) and *Harrington v. California,* 395 U.S. 250, 89 S.Ct. 1726, 23 L.Ed.2d 284 (1969).

> The harmless error doctrine is an appellate court doctrine to be applied when fundamental error has been committed in the trial court, and the error, though fundamental, is harmless beyond a reasonable doubt.

*State v. Sorrell,* 132 Ariz. 328, 329, 330, 645 P.2d 1242, 1243, 1244 (1982). *Accord, State v. Deschamps,* 105 Ariz. 530, 532, 468 P.2d 383, 385 (1970); *State v. Sanchez,* 130 Ariz. 295, 298, 635 P.2d 1217, 1220 (App. 1981).

In the present case the error is fundamental because it violates a state constitutional provision. *See Sorrell,* supra, 132 Ariz. at 330, 645 P.2d at 1244; *Thomas,* supra, 130 Ariz. at 436, 636 P.2d at 1218. Because we cannot say beyond a reasonable doubt that the error did not significantly contribute to the defendant's conviction, the error is also harmful. We cannot predict, for example, whether four additional jurors would have found defendant Henley guilty beyond a reasonable doubt. Defendant's conviction must be reversed.

We believe it important to note the holdings of two recent decisions by our Court of Appeals. In the first case the defendant was faced with a possible sentence of at least thirty years and was tried by an eight-person jury. After the jury deliberated and returned a verdict the trial judge allowed the state to withdraw certain allegations of prior felonies, thus reducing defendant's possible sentence to less than thirty years. The defendant was then sentenced by the court. In reversing the defendant's conviction, Division One of the Court of Appeals stated that

> if we were to approve of the procedure utilized in the instant case, the state could always demand an eight person jury, knowing that it could later dismiss some charges if necessary. We do not believe the founders of our constitution nor the state legislature anticipated such a process. Additionally, such a procedure would encourage overzealous prosecutors to add additional charges to the criminal indictment, hoping to increase the likelihood of conviction on at least some of the charges. Although we are confident that most prosecutors would not be so influenced, we cannot permit the possibility to occur.

*State v. Fancy,* 139 Ariz. 76, 79, 676 P.2d 1134, 1137 (App.1983).

In the second case, the trial judge realized during trial that defendant's possible sentence totaled at least thirty years due to the type of crime charged, the defendant's admission of two prior felony convictions, and the state's allegation of two prior convictions. Over the defendant's objection, the trial judge reduced the charge from theft to attempted theft thereby decreasing defendant's possible sentence to less than thirty years, and the trial continued. Division Two of the Court of Appeals upheld the guilty verdict handed down by an eight-person jury. *State v. Thompson,* 139 Ariz. 133, 134, 677 P.2d 296, 297 (App.1983). The Thompson court reasoned that the conviction did not require reversal because "the theft charge was amended prior to the submission to the jury." The difference between Thompson and Fancy is that in Fancy the jury was able to find the defendant guilty of offenses that could result in sentences of thirty or more years, while in Thompson the jury did not have this ability. *Id. Accord, State v. Cook,* 122 Ariz. 539, 541, 596 P.2d 374, 376 (1979) (court held it was proper to allow the state to withdraw allegation of a prior conviction at the close of defendant's case, thereby reducing defendant's possible sentence to less than thirty years).

Believing that both *Fancy,* supra, and *Thompson,* supra, were properly decided, we denied review in both cases on 22 February 1984. We find no conflict between the holding in this case and the holdings of the two cases of *Fancy,* supra, and *Thompson,* supra.

Defendant's conviction is reversed and his case remanded for a new trial with a twelve-person jury.

HOLOHAN, C.J., GORDON, V.C.J., and HAYS and FELDMAN, JJ., concur.