687 P.2d 1288

**STATE of Arizona, Appellee,**

v.

**Joseph William SMITH, III, Appellant.**

**No. 1 CA–CR 6468.**

Court of Appeals of Arizona, Division 1, Department C.

July 19, 1984.

Review Denied Sept. 25, 1984.

**534**

Robert K. Corbin, Atty. Gen. by William J. Schafer III, Chief Counsel, Criminal Div. and Gerald R. Grant, Asst. Attys. Gen., Phoenix, for appellee.

Louis A. Moore, Jr., Phoenix, for appellant.

## OPINION

CONTRERAS, Judge.

Appellant was charged by indictment with five counts of molestation of a child, class two felonies in violation of A.R.S. §§ 13–1410, –701, –702 and –801. The counts alleged violations of the statutes on April 1, 2 and 3, 1982 which allegedly occurred with his minor son. The prosecution subsequently amended the indictment to allege two *Hannah* priors on each of the five counts. *See State v. Hannah*, 126 Ariz. 575, 617 P.2d 527 (1980). Following a jury trial, appellant was convicted on all five counts and sentenced to five concurrent fourteen year terms. Although appellant has raised a number of issues only one question needs to be answered in this appeal. Was it fundamental harmful error for the appellant to be tried by an 8-person jury when, under our state constitution, he was entitled to a jury of 12? We conclude that it was fundamental harmful error which requires appellant's conviction to be reversed and his case remanded for a new trial before a 12-person jury.[1]

In the case presently before us, and as previously noted, appellant was charged with five counts of molestation of a child

and two *Hannah* priors were alleged on each count. *State v. Hannah, supra.* Thus, appellant's maximum possible sentence for each count of molestation of a child was 28 years. A.R.S. §§ 13–701(B)(2) and –604(D). If appellant's sentences were ordered to run consecutively, he could have received a term of imprisonment of 140 years. This total of a possible 140 years imprisonment required trial by a jury of 12 persons. Arizona Constitution, Art. 2, § 23, provides in part:

> The right of a trial by jury shall remain inviolate. Juries in criminal cases in which a sentence of death or imprisonment for thirty years or more is authorized by law shall consist of twelve persons.

The corresponding statute, A.R.S. § 21–102(A), reads:

> A jury for trial of a criminal case in which a sentence of death or imprisonment for thirty years or more is *authorized* by law shall consist of twelve persons, and the concurrence of all shall be necessary to render a verdict. (emphasis added)

It is firmly established in this jurisdiction that charges totalling a *possible* sentence of 30 years or more require a 12-person jury. *State v. Henley*, 141 Ariz. 465, 687 P.2d 1220 (1984); *State v. Prince*, 142 Ariz. 283, 689 P.2d 542 (1983), *petition for review granted*, No. 6167–PR (Ariz.Sup.Ct. Feb. 22, 1984) [142 Ariz. 256, 689 P.2d 515]. *See also State v. Buffum*, 125 Ariz. 488, 610 P.2d 1049 (1980); *State v. Cook*, 122 Ariz. 539, 596 P.2d 374 (1979); *State v. Madison*, 114 Ariz. 221, 560 P.2d 405 (1977); *State v. Miguel*, 125 Ariz. 538, 611 P.2d 125 (App.1980); *State v. Parker*, 22 Ariz.App. 111, 524 P.2d 506 (1974).

While the state, in its answering brief, acknowledges that appellant was entitled to a 12-person jury, it asserts that "[i]t is appellee's position that appellant waived his right to a 12-person jury when his coun-

---

1. The state filed a Notice of Cross-Appeal; however, the cross-appeal was not pursued and is therefore deemed abandoned. We also note that appellant's counsel on appeal was not trial

counsel and that appellate counsel entered his appearance on appeal after the disposition of post trial proceedings.

sel in the presence of appellant himself agreed to have the case tried to an 8-person jury (R.T. of Aug. 2, 1982, at 21.)." This is not so. The cited transcript discloses that the proceedings in question were held in chambers with only the trial judge, counsel and the court reporter being present. There is no indication or suggestion in the transcript or the trial record that the appellant was present. The only statement relative to the size of the jury was made by the court:

[THE COURT:]

Eight man jury plus an alternate. They will all be sitting in the box ready to go as soon as we start, and I'll swear everybody at one time.

There is no indication whatsoever in the trial record that counsel for the appellant waived appellant's right to a 12-person jury. Furthermore, there is absolutely no indication in the trial record that appellant knew of his constitutional right to a trial by a 12-person jury or that he waived such right by express agreement or by acquiescence. In *State v. Prince, supra,* division two of this court reversed a conviction where the accused, although entitled to a trial by a jury of 12 persons, was tried and convicted by a jury of 8. In so doing, the court concluded that the record was "woefully inadequate to constitute a waiver" where trial counsel for the accused in response to the question by the court as to whether trial counsel concurred in the belief that a jury of 8 was correct, responded "I believe so, your honor." *State v. Prince,* 142 Ariz. at 256, 689 P.2d 515. In the case presently before us, this record is far more inadequate. Defense counsel said nothing. Since the trial record is completely barren of any semblance of a waiver by counsel for appellant of appellant's constitutional right to a trial by a jury of 12 persons, it would appear that reversal and remand of the case for a new trial is necessary.

Alternatively, the state argues that if this court should choose to consider the failure to try the case to a 12-person jury as error that the error is not fundamental.

The state's alternative position has been expressly rejected by the Supreme Court of Arizona in the very recent decision of *State v. Henley, supra.* In *Henley* our Supreme Court determined that the defendant in that case could have received two consecutive sentences of 15 years and even though the defendant received a mitigated prison term of 6 years on each count to be served concurrently, he nonetheless had a constitutional right to a 12-person jury. Significantly, in *Henley,* as in the present case, defendant did not object to the 8-person jury. The failure to object did not constitute a waiver of the right to raise the matter on appeal since the error (trial by 8-person jury) was found to be fundamental error which was harmful to the defendant. In *Henley,* 141 Ariz. at 465, 687 P.2d 1220, the court stated:

In the present case the error is fundamental because it violates a state constitutional provision (citations omitted). Because we cannot say beyond a reasonable doubt that the error did not significantly contribute to the defendant's conviction, the error is also harmful. We cannot predict, for example, whether four additional jurors would have found defendant Henley guilty beyond a reasonable doubt. Defendant's conviction must be reversed.

In our opinion the case before us presents an analogous situation. The trial record is barren with respect to (1) any objection by defense counsel to an 8-person jury, (2) any knowledge by appellant that he was entitled to a 12-person jury or (3) any waiver (either express or by acquiescence) by appellant or his counsel of this fundamental right. In addition, our review discloses that during the trial the state presented five witnesses and the defense called sixteen witnesses, including the appellant who took the stand to testify on his own behalf. There were sharp conflicts in the testimony of witnesses thereby making credibility a critical consideration. As in *Henley, supra,* "we cannot say beyond a reasonable doubt that the error did not significantly contribute to the defendant's conviction ...." Nor, again as in *Henley,*

can we predict "whether four additional jurors would have found defendant guilty beyond a reasonable doubt." *Id.* Accordingly, and in line with the reasoning set forth in *Prince* and *Henley*, we reverse appellant's conviction and remand his case for a new trial before a 12-person jury.

OGG, J., concurs.

FROEB, Judge, dissenting:

There is no question that the Arizona Constitution mandates a 12-person jury in this case and that appellant may raise the deprivation for the first time on appeal because it is fundamental error. This is reiterated most recently by the Arizona Supreme Court in *State v. Henley*, 141 Ariz. 465, 687 P.2d 1220 (1984).

The problem is, when something is raised for the first time on appeal, there is no record from the trial court speaking to the point. That is the situation here. The majority decision reverses a conviction following a jury trial in the total absence of testimony or other evidence as to whether appellant and his counsel discussed the prospect of an 8-person jury.[1] If they discussed it, appellant may have waived or acquiesced in a smaller jury. If appellant waived it or acquiesced in it, there is no basis for reversal of the conviction.

The question I raise, not argued or dealt with in any of the cases cited by the majority, relates to whether the state must see to it that all waivers of constitutional rights appear affirmatively of record or else suffer automatic reversal.

The import of the majority decision is that not only may the jury issue be *raised* for the first time on appeal, but, unless waiver or acquiescence appears on the record, the issue will be *decided* without any evidentiary hearing. The majority decision says, in effect, that the right to a 12-person jury is like one of the constitutional rights discussed in *Boykin v. Alabama*, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969), namely, that reversal will be mandatory unless the waiver of the constitutional right by the defendant himself appears affirmatively on the record. "We cannot presume a waiver ... from a silent record." *Id.* at 243, 89 S.Ct. at 1712, 23 L.Ed.2d at 279–80.

In my opinion, this should not be treated as a "Boykin right." The "Boykin rights" (also required by rule 17.2, Arizona Rules of Criminal Procedure) relate to *pleas of guilty*. The rule of automatic reversal should not and does not apply to all constitutional rights raised for the first time on appeal. When so raised, there should be an evidentiary hearing to determine whether or not the defendant knew of the right and whether it was *in fact* waived. I would remand this case to the trial court for a hearing and decision on whether appellant discussed the smaller jury with counsel and whether there was waiver or acquiescence.

*State v. Jelks*, 105 Ariz. 175, 461 P.2d 473 (1969), *cert. denied*, 398 U.S. 966, 90 S.Ct. 2179, 26 L.Ed.2d 549 (1970) is supportive of this approach. It held that a waiver of jury trial can be exercised through counsel and need not be made and announced by the defendant personally. Since *Jelks*, rule 18.1(b), Rules of Criminal Procedure, is now in effect and requires that the defendant be addressed personally prior to acceptance by the court of a waiver of jury trial and that the waiver be made upon the record. The rule, however, does not deal with waiver of the *number* of jurors. For

---

1. A document filed by the appellant acting for himself after this appeal was submitted for decision is entitled "Supplemental statement of facts surrounding this case at hand." In it, appellant states:

7. In the State's answer brief there was the question of reversing on the grounds that I was tried by an 8-person jury, to this I must add the fact that again I am not an attorney and had to relie (sic) on the word of my attorney, who, stated that this 8-person jury was proper, I thought that I had the right to a 12 member jury, but my attorney said that it doesn't matter....

The document is not properly a part of the record on appeal and therefore cannot be considered in our decision. If nothing else, however, it indicates that a post-conviction evidentiary proceeding is necessary to finally resolve the jury issue at hand.

that reason, the rationale of *Jelks* would still apply and a waiver of the 12-person jury (assuming the appellant acquiesced in it) could be exercised through counsel.

This is supported by decisions of the United States Court of Appeals in *Cooks v. Spalding,* 660 F.2d 738 (9th Cir.1981), *cert. denied,* 455 U.S. 1026, 102 S.Ct. 1729, 72 L.Ed.2d 147 (1982), and *United States ex rel. Burnett v. Illinois,* 619 F.2d 668 (7th Cir.), *cert. denied,* 449 U.S. 880, 101 S.Ct. 229, 66 L.Ed.2d 104 (1980). *See also Hudson v. State,* 250 Ga. 479, 299 S.E.2d 531 (1983).

To put some perspective on this, we may refer to another constitutional right of a defendant—the right to testify at trial or remain silent. If the defendant testifies, will we presume that his lawyer failed to advise him of his right to remain silent and reverse the judgment of conviction because the record does not speak to the point? To the contrary, we presume counsel discussed this with his client unless a showing is made to the contrary. At the very least, we will remand for an evidentiary hearing where the matter is raised for the first time on appeal.

In summary, if the 8-person jury issue can be raised for the first time on appeal, the state should have an opportunity to introduce proof at an evidentiary hearing that the appellant waived or acquiesced in the reduced number.