829 P.2d 1244

**STATE of Arizona, Appellee,**

v.

**Luis Perez LUQUE, Appellant.**

**No. 1 CA–CR 90–1672.**

Court of Appeals of Arizona, Division 1, Department D.

March 12, 1992.

Review Denied June 2, 1992.*

Grant Woods, Atty. Gen. by Paul J. McMurdie, Chief Counsel, Crim. Div., Jack Roberts, Asst. Atty. Gen., Phoenix, for appellee.

Dean W. Trebesch, Maricopa County Public Defender by Spencer D. Heffel, Deputy Public Defender, Phoenix, for appellant.

OPINION

SHELLEY, Retired Judge.**

Luis Perez Luque ("defendant") appeals from his conviction for third-degree burglary and sentence. We reverse the judgment.

We view the facts in the light most favorable to sustaining the verdict. *State v. Zmich,* 160 Ariz. 108, 109, 770 P.2d 776, 777 (1989). The defendant was charged by information with one count of aggravated assault, a class 3 felony, and one count of third-degree burglary, a class 4 felony. The amended information alleged that the aggravated assault charge was a dangerous felony. The information was again amended to allege that the defendant had five prior felony convictions.

---

* Corcoran and Martone, JJ., of the Supreme Court, voted to grant review.

** NOTE: The Honorable Melvyn T. Shelley was authorized to participate in this case by the

Chief Justice of the Arizona Supreme Court pursuant to Ariz. Const. art VI, § 20.

On September 10, 1990, prior to the start of trial, the jury was sworn and the court commented, "[l]adies and gentlemen, let me tell you that the final jury in this case will consist of eight persons. If you look around, you'll notice there are nine of you. One of you is an alternate." The defendant did not object to the number of jurors and the matter proceeded. The jury later found the defendant not guilty of aggravated assault and guilty of burglary, and that he had been previously convicted of five non-dangerous felonies. On October 26, 1990, the trial court sentenced the defendant to the presumptive prison term of ten years with credit for 102 days served. The defendant timely filed a notice of appeal.

■ On appeal, the defendant relies on Article 2, Section 23 of the Arizona Constitution and Ariz.Rev.Stat.Ann. section ("A.R.S. §") 21–102(A) to argue that he was entitled to a twelve-person jury because the maximum possible sentence for the charges on which he was tried exceeded 30 years. The state responds that a jury of eight was sufficient because the defendant's maximum possible sentence was only 27 years. The state asserts that the maximum sentence on the aggravated assault charge is 15 years because the defendant could only be sentenced as a dangerous offender and his non-dangerous prior felony convictions may not be used for enhancement, and the maximum sentence for the burglary charge is 12 years.

The defendant faced convictions and consecutive sentences for a class 4 felony and a class 3 dangerous felony, with five non-dangerous prior convictions.[1] Repetitive offenders, such as the defendant, are sentenced pursuant to A.R.S. § 13–604. The maximum sentence for a class 4 felony with two or more prior felony convictions is 12 years. A.R.S. § 13–604(C). A class 3 dangerous felony with two or more non-dangerous prior convictions comes within the sentencing provisions of A.R.S. § 13–604(D) and (G). Subsection D explains:

Except as provided in subsection G or N of this section or § 13–604.01, a person who ... stands convicted of a class 2 or 3 felony, and who has been previously convicted of two or more felonies, shall be sentenced to imprisonment for at least twice the sentence and not more than four times the sentence authorized by § 13–701....

Subsection G provides:

Except as provided in § 13–604.01, upon a first conviction of a class 2 or 3 felony involving use or exhibition of a deadly weapon or dangerous instrument ..., the defendant shall be sentenced to imprisonment for not less than the sentence and not more than three times the sentence authorized in § 13–701....

In addition, only specified dangerous prior convictions, of which the defendant was not convicted, may be used for further sentence enhancement under A.R.S. § 13–604(G). *State v. Armendariz*, 127 Ariz. 422, 425, 621 P.2d 928, 931 (App.1980). Therefore, the defendant faced a maximum possible sentence for aggravated assault of either 15 or 20 years depending under which subsection he was sentenced, A.R.S. § 13–604(G) or (D).

The relationship between subsections D and G of A.R.S. § 13–604 was addressed in *State v. Laughter*, 128 Ariz. 264, 625 P.2d 327 (App.1980). In that case, the defendant was convicted of armed robbery, his first dangerous offense, with two non-dangerous prior felony convictions. *Id.* at 268, 625 P.2d at 331. The defendant was sentenced in accordance with A.R.S. § 13–604(D) for non-dangerous, repetitive offenders. *Id.* On appeal, one of the defendant's arguments was that, upon a first conviction for a dangerous offense, he should be sentenced under subsection G, which provided a lesser sentence. *Id.* This court reversed the conviction on other grounds but addressed the sentencing issue despite its mootness. *Id.*

We find nothing in conflict in these statutes as argued by [defendant]. As a

---

1. The presumptive sentences for a class 4 and class 3 felony are 4 and 5 years, respectively.

A.R.S. § 13–701(C).

first offender of a dangerous offense, [defendant] certainly was subject to the sentencing provisions of A.R.S. § 13–604(G). Since his prior convictions were nondangerous in nature, he was not subject to the enhanced punishment provisions of that subsection. However, there is nothing in the statute which implies that he could not be sentenced as a repeat offender under A.R.S. § 13–604(D). To hold otherwise would lead to the absurd result which [defendant] seeks.

*Id.* at 269, 625 P.2d at 332.

The defendant in the present case was similarly charged as a dangerous offender with two or more non-dangerous prior felony convictions. Therefore, the sentencing considerations discussed in *Laughter* are applicable in determining the defendant's maximum possible sentence for aggravated assault. Under A.R.S. § 13–604(D), the defendant could have received a maximum 20–year sentence, which if ordered to run consecutively to the 12–year sentence for burglary, would have exceeded 30 years. Therefore, he was entitled to be tried by a jury of twelve.

█ There is no indication that the defendant was aware of his right to a 12–person jury or that he waived his right to such a jury. *See State v. Smith,* 141 Ariz. 533, 535, 687 P.2d 1288, 1290 (App.1984). The state alternatively asserts that if the maximum cumulative sentence could have been more than 30 years, the error is harmless because on remand he only would be retried on the burglary charge with an eight-person jury, the same as he received.

█ Because the defendant failed to object to the number of jurors at trial, absent fundamental error, we will not reverse. *State v. Henley,* 141 Ariz. 465, 468, 687 P.2d 1220, 1223 (1984); *Smith,* 141 Ariz. at 535, 687 P.2d at 1290. It is well-settled that a 12–person jury is required if a defendant's cumulative possible sentence totals 30 years or more. Ariz. Const. art. II, § 23; A.R.S. § 21–102(A); *e.g., Henley,* 141 Ariz. at 468, 687 P.2d at 1223. In *Henley,* the Arizona Supreme Court held that if a defendant was tried with eight jurors when 12 were required, "the error is fundamen-

tal because it violates a state constitutional provision," and is harmful because the court could not "say beyond a reasonable doubt that the error did not significantly contribute to the defendant's conviction, ...." 141 Ariz. at 468–69, 687 P.2d at 1223–24.

Division Two of this court recently addressed the necessity of retrying a defendant who was improperly tried by an eight-person jury and later acquitted of a charge so that his maximum exposure was decreased to less than 30 years with the same number of jurors. *State v. Campos,* 97 Ariz.Adv.Rep. 22, 23 (App. Oct. 8, 1991).* The court stated that "a second trial by the same number of jurors as returned the first verdict would vindicate no rights of the defendant," and determined that neither the Arizona Constitution nor A.R.S. § 21–102(A) required a new trial. *Id.*

Although this approach has practical appeal, we find that it abrogates the defendant's constitutional right to be tried by a 12–person jury when a sentence for 30 years or more is authorized. *See* Ariz. Const. art. II, § 23. Such a procedure does not amount to harmless error because we cannot say beyond a reasonable doubt that the improper eight-person jury did not significantly contribute to the defendant's burglary conviction. *See Henley,* 141 Ariz. at 468–69, 687 P.2d at 1223–24. In addition, this approach raises other concerns.

One such concern was explained in *State v. Fancy,* 139 Ariz. 76, 676 P.2d 1134 (App. 1983). In that case, when an eight-person jury deliberated, the defendant's possible sentence exceeded 30 years. *Id.* at 77, 676 P.2d at 1135. After the jury returned a guilty verdict, however, the trial court permitted the state to withdraw certain allegations of prior felony convictions to decrease the defendant's possible sentence to less than 30 years. *Id.* at 78, 676 P.2d at 1136. This court stated:

Unlike the facts in *State v. Cook, supra* [122 Ariz. 539, 596 P.2d 374 (1979) ] the court's action in this case allowed an eight person jury to actually deliberate on the fate of a defendant who was, at

* Review denied and ordered not officially published June 2, 1992. See Ariz.Rules of Civil Appellate Procedure, Rule 28(f).

the time the jury was deliberating, faced with the possibility of a term of imprisonment for more than thirty years. This was a clear violation of the statute and our constitution. If we were to affirm the trial court's order, our holding would have the practical effect of allowing a criminal trial to an eight person jury in violation of the Arizona Constitution and state statute anytime the jury returned a verdict with convictions which would authorize a sentence of less than thirty years, even though the defendant faced a possible sentence in excess of thirty years at the start of the jury's deliberation. But this is clearly not what the legislature intended by enactment of the statute.

*Id.* at 79, 676 P.2d at 1137.

There are no cases in Arizona except for *Campos* which have failed to find fundamental error where a jury of less than twelve persons was allowed to deliberate with regard to charges where the maximum cumulative sentences could exceed 30 years. We opine that the commencement of deliberations is the crucial point. The fact that the jury acquits on one or more charges leaving the maximum cumulative permissible sentence to be less than 30 years does not cure the failure to try the defendant with a 12-person jury.

The judgment and sentence of the trial court are vacated and this case is remanded to the trial court for a new trial.

TAYLOR, P.J., and GERBER, J., concur.