645 P.2d 1242

**STATE of Arizona, Appellee,**

v.

**Carlynn SORRELL, Appellant.**

**No. 5501–PR.**

Supreme Court of Arizona,
In Banc.

April 22, 1982.

Rehearing Denied June 8, 1982.

Robert K. Corbin, Atty. Gen. by William J. Schafer, III, and Diane M. Ramsey, Asst. Attys. Gen., Phoenix, for appellee.

Robert L. Storrs, Phoenix, for appellant.

CAMERON, Justice.

On 9 January 1980, defendant Carlynn Sorrell was sentenced to serve 10 to 12 years in the Arizona State Prison after a finding of guilt to assault with a deadly weapon in violation of former A.R.S. § 13–249. In a memorandum decision dated 14 January 1982, Division One of the Court of Appeals affirmed the conviction. This court accepted the defendant's petition for review. We have jurisdiction pursuant to A.R.S. § 12–120.24 and Rule 31.19, Arizona Rules of Criminal Procedure, 17 A.R.S.

We must answer only one question on review: Did the prosecutor commit reversible error by commenting on the defendant's post-arrest silence?

The following facts are necessary for a determination of this issue. On the evening of 16 September 1978, defendant Carlynn Sorrell and the victim, Edward Stanley, attended a party in Chandler, Arizona. Although the defendant and the victim were acquaintances, they were not friends and did not socialize together at the party. At the close of the evening, as the victim prepared to leave the party, an altercation between Sorrell and Stanley developed. The argument between the two men continued until the defendant produced a handgun and fired at the victim. Two bullets struck the victim, one in the right temple and the other in the right arm. According to two eyewitnesses for the State, the de-

fendant then walked away as if nothing had happened.

After a change of attorney, the case proceeded to trial where the defendant was found guilty of assault with a deadly weapon. The trial court found the defendant had been convicted of two prior felonies, and the defendant was sentenced to a term of not less than 10 nor more than 12 years imprisonment from which he appeals.

## COMMENT ON POST–ARREST SILENCE

During the prosecutor's direct examination of one of the arresting officers, Officer Stewart testified as follows:

"Q Okay. You said that you advised him of his *Miranda* rights. Are you referring to the constitutional rights?

"A Yes.

\* \* \* \* \* \*

"Q And I believe you then testified that you transported him to the Chandler Police Department. What happened there?

"A Mr. Sorrell indicated to me that he did not want to talk to me, but that he wanted to call his lawyer. At that point, I put him into a holding tank and proceeded to the Chandler Hospital to talk to the victim."

Officer Bell later testified that the defendant had called him to his cell approximately 90 minutes after the arrest and asked to make a statement. Defendant was again read his *Miranda* rights and he told Officer Bell that the victim had charged towards him as he was leaving the party and that he had turned to run and heard several shots. The defendant denied having a gun or shooting the victim.

During the opening argument, the prosecutor made the following remarks to the jury:

"In fact, you may find it curious that three witnesses say that Ed was shot. Carlynn Sorrell says he never shot anybody that night. He didn't even have a gun that night. Of course, you will recall he didn't make those statements until at least maybe an hour or two after it hap-

pened. At least he had a little time to think about what he was going to say to officers."

And during the closing argument, the prosecutor repeated his argument:

"Randy Stewart, Officer Randy Stewart, advised the defendant of his constitutional rights. The defendant said that he wanted a lawyer at that point. He didn't want to say anything, but you will also recall sometime later that same morning he had a conversation with Detective Bell. At that time he voluntarily wanted to make a statement. However, where was he? He was in jail. And one additional thing: What happened? He had time to think about what he was going to say \* \* \*."

The defendant did not take the stand in his own behalf. Defense counsel did not object to the closing argument or the previous testimony, though he does raise the matter on appeal.

When error is not objected to at trial, the right to raise the matter on appeal is waived absent a finding of fundamental error. *State v. Thomas*, 130 Ariz. 432, 636 P.2d 1214 (1981). We are required by A.R.S. § 13–4035, however, to search the record for fundamental error even if the defendant failed to object at trial or raise the issue on appeal. *State v. Mendiola*, 112 Ariz. 165, 540 P.2d 131 (1975), and reversal is required where the fundamental error harms the defendant. *State v. Anderson*, 110 Ariz. 238, 517 P.2d 508 (1973).

The prosecutor's comment on the defendant's post-arrest silence in this instance was clearly fundamental error, and it has been held so on numerous occasions. See *State v. Bowie*, 119 Ariz. 336, 580 P.2d 1190 (1978); *State v. Anderson*, supra; *State v. Sanchez*, 130 Ariz. 295, 635 P.2d 1217 (App. 1981); *State v. Rios*, 122 Ariz. 33, 592 P.2d 1299 (App.1979). As was stated by the United States Supreme Court:

"\* \* \* while it is true that the *Miranda* warnings contain no express assurance that silence will carry no penalty, such assurance is implicit to any person who receives the warnings. In such circumstances, it would be fundamentally unfair

and a deprivation of due process to allow the arrested person's silence to be used to impeach an explanation subsequently offered at trial." *Doyle v. Ohio,* 426 U.S. 610, 618, 96 S.Ct. 2240, 2245, 49 L.Ed.2d 91, 98 (1976).

Four years after *Doyle,* supra, the United States Supreme Court reaffirmed its position in *Anderson v. Charles,* 447 U.S. 404, 100 S.Ct. 2180, 65 L.Ed.2d 222 (1980). There, the court stated that the use of silence was fundamentally unfair because "*Miranda* warnings inform a person of his right to remain silent and to assure him, at least implicitly, that his silence will not be used against him." 447 U.S. at 407–08, 100 S.Ct. at 2182, 65 L.Ed.2d at 226.

The State contends, however, that "neither the testimony nor the jury argument was a comment on appellant's right to remain silent because he did not remain silent." We do not agree. Of course, an accused may change his mind after he has elected to remain silent and decide to speak, see *State v. Emery,* 132 Ariz. 493, 642 P.2d 838 (1982); *Rhode Island v. Innis,* 446 U.S. 291, 100 S.Ct. 1682, 64 L.Ed.2d 297 (1980), but we do not believe that he should be prejudiced by this later change of mind. Implicit in the rulings of this court and the United States Supreme Court is that the defendant suffer no prejudice by waiting for a period of time before he decides to make a statement. To allow a comment on defendant's delay, as expressed here, would mean that a defendant has more to lose by waiting and making a statement than he would if he never made a statement at all. In either case, he would be relying on the express statement in the *Miranda* warnings that he had a right to remain silent, and comment on the exercise of that right is proscribed by the opinions of this court and the United States Supreme Court. *Doyle,* supra; *Bowie,* supra.

The State further contends that fundamental error need not be reversible when there is substantial evidence in the record to support the verdict and it can be said that the error did not, beyond a reasonable doubt, contribute significantly to the verdict. *State v. Thomas,* supra; *State v. Anderson,* supra. This is the harmless error doctrine approved by the United States Supreme Court in *Chapman v. California,* 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967) and *Harrington v. California,* 395 U.S. 250, 89 S.Ct. 1726, 23 L.Ed.2d 284 (1969).

 The harmless error doctrine is an appellate court doctrine to be applied when fundamental error has been committed in the trial court, and the error, though fundamental, is harmless beyond a reasonable doubt. Appellate courts, however, are reluctant to apply the harmless error doctrine when it appears that the error was deliberate and willful. In the instant case, while the comment of the Sheriff's Deputy may have been inadvertent, the comments by the prosecutor were deliberate and not inadvertent. From an examination of the entire record, we conclude that it cannot be said beyond a reasonable doubt that the prosecutor's misconduct did not contribute to the verdict. *Chapman v. California,* supra. The matter, then, must be reversed and remanded for new trial.

We believe that a further comment is necessary. Nine years ago, in a case also involving post-arrest silence, this court warned prosecutors very clearly about "approaching the precipice of fundamental error" while relying on the harmless error doctrine. *State v. Anderson,* supra, 110 Ariz. at 241, 517 P.2d at 511. Four years ago, in another case involving failure to speak when arrested, we said, finding no reversible error:

"*In the future,* the state should scrupulously avoid any indication that the accused kept silent after arrest." *State v. Bowie,* supra, 119 Ariz. at 341, 580 P.2d at 1195. (emphasis added)

In this case, the State has approached the precipice of reversible error once too often.

Reversed and remanded for further proceedings consistent with this opinion.

HOLOHAN, C. J., GORDON, V. C. J., and HAYS and FELDMAN, JJ., concur.