743 P.2d 10

**STATE of Arizona, Appellee,**

v.

**Barry M. JERDEE, Appellant.**

**1 CA–CR 10246.**

Court of Appeals of Arizona, Division 1, Department D.

June 18, 1987.
Redesignated as Opinion and Publication Ordered Sept. 10, 1987.
Review Denied Oct. 20, 1987.

and Paul J. McMurdie, Asst. Atty. Gen., Phoenix, for appellee.

Ross P. Lee, Maricopa County Public Defender by James L. Edgar and James H. Kemper, Deputy Public Defenders, Phoenix, for appellant.

## OPINION

SHELLEY, Judge.

On November 12, 1985 appellant was charged with driving or being in actual physical control of a 1964 Chevrolet pickup truck while under the influence of intoxicating liquor, while his operator's or chauffeur's license was suspended, cancelled, revoked, or refused, in violation of A.R.S. §§ 28–692(A) and 28–692.02. On March 24, 1986 a jury convicted the appellant as charged. On May 13, 1986, the trial court suspended the imposition of sentence for a period of three years and placed appellant on probation. As a term and condition of probation the trial court ordered appellant incarcerated for a period of six months. Prior to sentencing, appellant's counsel moved for a new trial; the motion was denied. Appellant filed a timely notice of appeal to this court, and raises the following issue:

> Did the trial court abuse its discretion by denying appellant's motion for new trial based on statements by the prosecutor in rebuttal closing argument that: a) the defense could have subpoenaed a witness; and b) if a "witness doesn't appear for either side, you can assume the witness was not going to add anything to what either side had to say"?

We affirm.

Taking the evidence in a light most favorable to sustaining the jury's verdict, we summarize only pertinent facts necessary for this opinion.

Officer Sherman Davis of the Mesa Police Department observed appellant driving erratically on Alma School Road in Mesa, Arizona. Officer Davis attempted to stop appellant by turning on his overhead strobe lights and shining his spotlight into appellant's rear view mirror. Appellant did not respond and Officer Davis turned on his

Robert K. Corbin, Atty. Gen. by William J. Schafer III, Chief Counsel, Crim. Div.

siren. After some further delay, appellant finally pulled over into a service station. Officer Davis conducted several different field sobriety tests at the scene. A back-up officer, Officer Brooks, was present when the tests were conducted. Appellant tried to perform the field sobriety tests without success.

Based on the erratic driving and the unsuccessful completion of the field sobriety tests, appellant was arrested and taken to the Mesa Police Station. Appellant refused to submit to a chemical test. He admitted to Officer Davis that his car had no mechanical defects; he had no physical disability; he was not taking medication; and he had drunk five to six Coors beers between 9:30 p.m. and 12:00 midnight that night. At trial, appellant admitted he was driving on a suspended license. Appellant elicited from Officer Davis that Davis' observations of the appellant's physical characteristics, test performance, behavior and attitude were judgment calls and opinions which another officer might not have shared.

In his closing argument, appellant's counsel, referring to the absence at trial of the backup officer, stated as follows:

> What I'm getting at is what we have here is basically the officer's opinion. And you know, it's interesting. There were two officers there, but they only bring in one. They only bring in one officer.

In rebuttal closing argument, the prosecuting attorney stated:

> PROSECUTING ATTORNEY: There was mention of the fact that the State only brought in one witness. There were two witnesses there. The defendant could have brought that other witness in and have him subpoenaed.
>
> APPELLANT'S TRIAL COUNSEL: Objection, Your Honor, he is shifting the burden.
>
> THE COURT: Sustained.
>
> PROSECUTING ATTORNEY: Ladies and gentlemen, when a witness doesn't appear, if that witness doesn't appear for either side, you can assume the witness was not going to add anything to what either side had to say.
>
> APPELLANT'S TRIAL COUNSEL: Your Honor, I'd object. He is still shifting the burden. It's improper rebuttal.
>
> THE COURT: I'll overrule that one.
>
> PROSECUTING ATTORNEY: And please keep in mind that the State has the burden of proving every element beyond a reasonable doubt. But you didn't see Officer Brooks. You did see Officer Davis, and Officer Davis told you all of the evidence you need to convict beyond a reasonable doubt.
>
> . . . .
>
> The state asks you, based on the evidence, if you find that the State has proven beyond a reasonable doubt every element of this offense, and two of those elements aren't even disputed, if you find that the State has proven beyond a reasonable doubt that the defendant was driving under the influence with a suspended license, the State asks you based on that evidence to find him guilty. Thank you very much.

■ Appellant seeks a new trial based on improper argument by the state. The granting or denial of a new trial based on improper argument is within the sound discretion of the trial court, and the exercise of that discretion will not be disturbed unless there is invective so palpably improper that it is clearly injurious. *State v. Trotter*, 110 Ariz. 61, 65, 514 P.2d 1249, 1253 (1973); *State v. Scott*, 24 Ariz.App. 203, 206, 537 P.2d 40, 43 (App.1975). The general criteria for determining whether remarks by the prosecution in a criminal case are so objectionable as to require a new trial or reversal are whether the remarks call to the attention of the jury matters it would not be justified in considering in order to arrive at its verdict and whether the jury, under the circumstances of the case, was probably influenced by those remarks. *State v. Gonzales*, 105 Ariz. 434, 437, 466 P.2d 388, 391 (1970); *Sullivan v. State*, 47 Ariz. 224, 238, 55 P.2d 312, 317 (1936).

■ In the case of *State v. Suarez*, 137 Ariz. 368, 670 P.2d 1192 (App.1983), the

defendant was charged with fraudulent scheme and artifice in a plan to defraud Lake Havasu City. The court stated:

Appellant also argued that the state failed to subpoena numerous witnesses that it could have subpoenaed and that the state had awesome subpoena power as compared to the defendant. Specifically, appellant's counsel argued that the state should have subpoenaed two city officials, Mr. Klotzbach and Mr. Smith. Appellant argued that the state failed to subpoena the testimony of the persons from whom Tapper, specifically, acquired the discs. Appellant also argued that the state failed to subpoena Dave Larson, the Burroughs supervisor of both O'Leary and Tapper. *In the context of all of these arguments, appellant argued that the state failed to prove its case.* In response to this argument, the prosecutor stated:

If there are people here that I did not subpoena, *you can assume* that, for whatever reasons, I felt that I did not need their testimony. If Mr. Jackson failed to subpoena those same people— and he's a competent attorney—you can certainly be sure that he did not subpoena those people for the same reason: because they have absolutely no light to shed upon this case.

   \*    \*    \*    \*    \*    \*

Any evidence which existed in this case was certainly subject to a subpoena and, in fact, I think its been very obvious to you during the proceedings that Mr. Jackson has had complete access to anything that was in our files. If he had wanted to have it marked, wanted to have it introduced in evidence, he could have done so.

He chose not to do so, and being a competent attorney, you can assume that he didn't do that either because it would have damaged his client or at least that it would not have helped his case to any extent.

The prosecutor did not mention appellant's failure to subpoena the witnesses in his initial closing argument, but only in rebuttal argument in response to the

defense attorney's remarks. In *State v. Filipov*, 118 Ariz. 319, 324, 576 P.2d 507, 512 (App.1977), we wrote:

We believe that the state or the defense may properly comment upon the failure of the other party to produce a witness in appropriate circumstances. Such circumstances exist when the witness not produced allegedly would give testimony favorable to the party who fails to call the witness.

On the basis of the record before us, it is apparent that *appellant's counsel properly commented upon the failure of the state to produce witnesses* and evidence which would be favorable to the state. Presumably, Klotzbach, Smith, Larson and Lowell would have corroborated the testimony of the state's witnesses. Therefore, appellant's argument commenting on the state's failure to produce those witnesses was a proper argument on the state's failure to prove its case. *Consequently, the prosecutor's rebuttal argument was not invited by error of appellant's counsel; nor did it constitute a proper comment on appellant's failure to call a witness within his control because the testimony of those witnesses would not apparently assist the defense. Thus, the state's argument was error.*

*Suarez*, 137 Ariz. at 376–77, 670 P.2d at 1200–01.

In this case, appellant's counsel stated in his argument to the jury:

What I'm getting at is what we have here is basically the officer's opinion. And you know, it's interesting. There were two officers there, but they only bring in one. They only bring in one officer.

This is in contrast to statements made in the *Suarez* case by counsel in oral argument. Defense counsel in *Suarez* argued that because the state failed to call certain witnesses, *it had failed to prove its case.* In this case, the argument *implied* that had the other officer been brought in by the state to testify, his testimony *would have been favorable to the defense.* When a witness is equally available to both sides,

"no inference should be allowed by either party from the other's failure to call that witness to testify." *State v. Condry*, 114 Ariz. 499, 500, 562 P.2d 379, 380 (1977).

Based on *Condry*, then, we must determine whether or not the witness was equally available to both sides. There are cases discussing what constitutes equal availability. Those cases were decided under the very restrictive impeachment rule effective prior to the adoption of Rule 607, Arizona Rules of Evidence. For example, in the case of *State v. Davis*, 73 Wash.2d 271, 277, 438 P.2d 185, 189 (1968), the court stated:

> [A] party should not be required to call a witness likely to favor his opponent's case, since by so doing he must ordinarily vouch for his credibility and lose his opportunity to impeach or cross-examine the witness.

Under Rule 607, a party no longer vouches for the credibility of a witness called by him, and he has the same opportunity to impeach and/or cross-examine a witness called by him that he does with respect to a witness called by a party opponent.

Rule 607, Arizona Rules of Evidence, provides:

> The credibility of a witness may be attacked by any party, including the party calling him.

A police officer is a public servant subject to subpoena powers by either party. There is no presumption that a police officer would lie merely because he is a police officer. In our opinion, the other officer was equally available to both sides. The prosecutor's statement, "you can assume the witness was not going to add anything to what either side had to say" was not error.

■ We reject the petitioner's contention that the prosecutor's comment amounted to a mandatory presumption. We further hold that even if the statements made by the prosecutor in rebuttal were improper, they constituted harmless error.

The prosecutor's remarks were objected to as shifting the burden of proof. We do not believe that the jury could have come to that conclusion for the following reasons: (1) the prosecuting attorney, following the improper statement, reiterated that the "State has the burden of proving every element beyond a reasonable doubt," and (2) the prosecuting attorney subsequently stated in conclusion that if the jury found that the state "has proven beyond a reasonable doubt every element of this offense", the jury should then find the defendant guilty. In fact, in that concluding statement, the fact that the state had to prove beyond a reasonable doubt that the defendant was guilty was repeated twice. We further note that the court instructed the jurors, among other things, as follows:

> *What the lawyers said is not evidence* but it may help you to understand the law and the evidence.

> The defendant has pled not guilty. The defendant's plea of not guilty means that the state must prove every part of the charge beyond a reasonable doubt. *The law does not require a defendant to prove his innocence.* He is presumed by law to be innocent. This means the *state must prove* all of its case against the defendant. The state must prove the defendant's guilt *beyond a reasonable doubt.* (Emphasis added)

Later on, in the instructions, the duty of the state to prove the defendant's guilt beyond a reasonable doubt was reiterated two more times.

■ Improper argument can be cured by proper jury instructions. In *State v. Tinghitella*, 108 Ariz. 1, 4, 491 P.2d 834, 837 (1971), the court stated:

> The fact that the County Attorney's final argument mentioned the use of the gun, if error, was harmless in view of the jury instructions which properly defined unarmed obstructing and made no reference to armed obstructing. We therefore hold that it was not error for the court to deny defendant's motion to strike one of the two counts.

In the case of *State v. Marvin*, 124 Ariz. 555, 557, 606 P.2d 406, 408 (1980), the court stated: "Any possible confusion concerning

 

the concept of premeditation was certainly cured by the court's instructions."

Any possibility that the jury might have been confused or that it was influenced by the arguments of the prosecutor was cured by the statements of the prosecutor with regard to the burden of proof and by the explicit instructions given by the trial court. We hold that even if we assume that the remarks of the prosecuting attorney were improper, they were not prejudicial and therefore the error was harmless.

The judgment of the trial court is affirmed.

KLEINSCHMIDT, P.J., and BROOKS, J., concur.