756 P.2d 343

The STATE of Arizona, Appellee,

v.

Michael GARLAND, aka Michael Gerdono, Appellant.

No. 2 CA–CR 87–0466.

Court of Appeals of Arizona,
Division 2, Department A.

March 29, 1988.

Review Denied July 12, 1988.

Robert K. Corbin, Atty. Gen. by William J. Schafer III and Barbara A. Jarrett, Phoenix, for appellee.

Perry L. Hicks, Cochise County Public Defender by Wallace R. Hoggatt, Bisbee, for appellant.

## OPINION

HATHAWAY, Judge.

Appellant was convicted after a jury trial of committing riot in violation of A.R.S. § 13–2903(A). The jury also found an allegation of a prior felony conviction to be true. Appellant was sentenced to an aggravated term of four years.

Appellant was an inmate at the state prison complex at Douglas when a riot took place during which considerable damage occurred and some guards were injured.

Appellant challenges his conviction on three grounds: (1) the trial court erred in denying his motion for a judgment of acquittal; (2) the court erred in its jury instructions, and (3) the court erred when it permitted evidence of riot activities of other inmates. We affirm.

The riot statute provides:

§ 13–2903. Riot; classification

A. A person commits riot if, with two or more other persons acting together, such person recklessly uses force or violence or threatens to use force or violence, if such threat is accompanied by immediate power of execution, which disturbs the public peace.

Appellant argues that there was insufficient evidence against him to sustain a conviction, and therefore his motion should have been granted. Ariz.R.Cirm.P. 20(a), 17 A.R.S., provides that a motion for judgment of acquittal shall be granted if there is no substantial evidence to warrant a conviction. "Substantial evidence" has been defined as "more than a scintilla and is such proof as a reasonable mind would

employ to support the conclusion reached." *State v. Bearden*, 99 Ariz. 1, 4, 405 P.2d 885, 886 (1965). It would be error for the court to grant the motion "when the evidence is such that reasonable minds could differ on the inferences to be drawn therefrom." *State v. Hickle*, 129 Ariz. 330, 331, 631 P.2d 112, 113 (1981). We do not believe the trial court erred in denying the motion.

A correctional service officer testified that he was hit in the face with a piece of concrete thrown through a window. When he looked out the window, he saw appellant and two other inmates. Another officer testified that appellant was with a group of inmates who wanted to speak with the warden concerning sanitation, drainage and kitchen problems. Some of the group expressed threats that "if they did not see the wardens (sic) that evening that they were going to start trashing the kitchen...."

■ Appellant was seen by an officer with a big piece of concrete which he used to break a window. He was also seen tampering with the locks on the doors to the housing units at the prison. Subsequent examination revealed that the locks had been jammed with pieces of wood. Appellant argues that the evidence did not demonstrate that he committed "riot" as defined in the statute. We believe his argument is misplaced. While mere presence will not support a charge of riot, *State v. Bad Heart Bull*, 257 N.W.2d 715, 717 (S.D. 1977), a person must distance himself from the assembly when anyone in the group manifests an intent to engage in unlawful conduct. *Faulk v. State*, 608 S.W.2d 625, 631 (Tex.Crim.App.1980). Failure to do so results in "knowing participation in an assemblage which is creating an immediate danger of damage to property or injury to persons." Id. at 631. Appellant's activities disclose his active participation in furtherance of the disorder. Once an individual becomes aware of illegal activity by members of the group he is associated with, it is incumbent upon the individual to disassociate himself from the group.

We believe there was sufficient evidence under the *Hickle* standard for reasonable minds to differ on whether appellant sufficiently distanced himself from the individuals whom he maintains were engaging in riotous behavior. The court properly denied the motion.

■ Appellant's second argument is that the trial court erred when it failed to instruct the jury sua sponte on the legal definition of "recklessly." Any omission in the giving of instructions which was not raised in the trial court will not be considered on appeal unless the omission was so fundamental that it is manifest that the defendant did not receive a fair trial. *State v. Coward*, 108 Ariz. 270, 496 P.2d 131 (1972). No request for the instruction was made, therefore absent fundamental error, reversal is not required. Even a finding of fundamental error does not require reversal "when there is substantial evidence in the record to support the verdict and it can be said that the error did not, beyond a reasonable doubt, contribute significantly to the verdict." *State v. Henley*, 141 Ariz. 465, 468, 687 P.2d 1220, 1223 (1984), quoting *State v. Sorrell*, 132 Ariz. 328, 330, 645 P.2d 1242, 1244 (1982).

Assuming, arguendo, that it was error for the court not to have given the instruction sua sponte, we do not believe appellant was prejudiced thereby. It is beyond dispute that a riot took place. There was evidence, set forth above, that appellant was involved in activity proscribed by the statute either directly or by being a member of a group acting in violation of the statute. We do not believe that the lack of an instruction defining "recklessly" contributed significantly to the verdict.

■ Appellant's final argument is that the court erred in admitting evidence of riot activities of other inmates. Appellant maintains that it led the jury to find him guilty by association because there is no other explanation for his conviction. He seems to take the position that he can be with a group of individuals who threaten violence and if he is not the person actually verbalizing the threat, there is no guilt on his part. We reject that position. As pre-

viously stated, there was evidence that appellant was with individuals acting in violation of the statute, and that he failed to disassociate himself from their unlawful activity. The record supports the position that his conviction was not based upon guilt by association.

Affirmed.

LACAGNINA, C.J., and HOWARD, P.J., concur.