NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

STEPHEN RAY WILKINSON, *Appellant.*

No. 1 CA-CR 18-0546
FILED 10-10-2019

Appeal from the Superior Court in Mohave County
No. S8015CR201601054
The Honorable Billy K. Sipe, Jr., Judge *Pro Tempore*

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Gracynthia Claw
*Counsel for Appellee*

Mohave County Legal Advocate, Kingman
By Jill L. Evans
*Counsel for Appellant*

---

**MEMORANDUM DECISION**

Judge David D. Weinzweig delivered the decision of the Court, in which Presiding Judge James B. Morse Jr. and Judge Samuel A. Thumma joined.

---

**W E I N Z W E I G**, Judge:

¶1            Stephen Ray Wilkinson appeals his convictions and sentences for two counts of aggravated assault and one count of child abuse. We affirm.

**FACTS AND PROCEDURAL BACKGROUND[1]**

¶2            In the summer of 2016, Wilkinson and his wife lived with their son and daughter, then eleven and sixteen years old, respectively.

¶3            Wilkinson came home drunk one night and began arguing with his wife. She eventually locked him out of the home, but he regained entry and tried grabbing her purse. A struggle followed. Wilkinson shoved his wife over a couch and she fell to the ground. He pinned her down and kicked her head; she punched him back and bit him. When their son tried to intervene and protect his mother, Wilkinson pushed him to the ground, injuring his wrist.

¶4            Their daughter ran outside and called 911, explaining she feared for her mother's life. Wife, son and daughter eventually fled to a neighbor's house and waited for law enforcement to arrive. Officers observed the injuries to the wife and son. Wilkinson, who blamed his wife for hitting herself, was arrested.

¶5            The State charged Wilkinson with two counts of aggravated assault involving his wife and their son, and two counts of child abuse involving their son and daughter, all domestic violence offenses. After the victims refused to cooperate with the prosecution, the superior court issued subpoenas and then arrest warrants for the wife and daughter, but neither appeared for trial.

---

[1]      We view the facts in the light most favorable to sustaining the verdicts. *State v. Payne*, 233 Ariz. 484, 509, ¶ 93 (2013).

¶6            At trial, the State introduced a certified recording of daughter's 911 call, and photographs of the injuries to wife and son.  The responding officers testified, as did the son.  After the State rested, the court granted Wilkinson's motion for judgment of acquittal on one count of child abuse (involving the daughter).  The jury deliberated and returned guilty verdicts on all remaining counts and found two aggravating factors.  The court suspended Wilkinson's sentence on each count and placed him on concurrent three-year terms of supervised probation.  Wilkinson timely appealed.  We have jurisdiction under Article 6, Section 9 of the Arizona Constitution,    and    A.R.S.    §§    12-120.21(A)(1),    13-4031, -4033(A)(1).

## DISCUSSION

### I.    Comment on Post-Arrest Silence or Request for Counsel.

¶7            Wilkinson argues the State impermissibly commented on his post-arrest silence or request for counsel, violating his due process rights. We review for fundamental error because Wilkinson did not raise the issue at trial. *See State v. Escalante*, 245 Ariz. 135, 140, ¶ 12 (2018).  Wilkinson must show the alleged error is both fundamental and prejudicial. *Id.* at 142, ¶ 21.

¶8            A prosecutor may not comment on a defendant's post-arrest silence for substantive or impeachment purposes. *Doyle v. Ohio*, 426 U.S. 610, 618-19 (1976); *State v. VanWinkle*, 229 Ariz. 233, 237, ¶ 15 (2012).  But "to be impermissible, the prosecutor's comments must be calculated to direct the jurors' attention to the defendant's exercise of his fifth amendment privilege." *State v. McCutcheon*, 159 Ariz. 44, 45 (1988).

¶9            We find no fundamental error.  Wilkinson's argument is premised on two questions by the prosecutor to an investigating officer about the officer's conversation with Wilkinson.  The officer answered that Wilkinson "wanted it on the record that he gave [his wife] $800 when he got paid" and "asked for his lawyer after that."  The prosecutor never sought to elicit evidence that Wilkinson exercised his right to remain silent or request counsel.  Nor does the record show that the State ever sought to direct the jury's attention to the issue, whether as evidence of guilt or for impeachment. *State v. Mauro*, 159 Ariz. 186, 197-98 (1988) (finding questions permissible where "evidence of defendant's silence was not used to establish either defendant's guilt or sanity," and "[t]he subject of the prosecutor's inquiry was defendant's demeanor, not his silence").

¶10          Moreover, the record does not show the officer's passing reference had any impact on the jury's decision.  The prosecutor never

commented on Wilkinson's request for counsel, including in her closing arguments, and never implied that his request for counsel was reason to find him guilty. *Cf. State v. Sorrell*, 132 Ariz. 328, 329–30 (1982) (finding fundamental prejudicial error where prosecutor deliberately and repeatedly elicited testimony on invocation of right to counsel and focused on testimony in argument).

## II. Prosecutorial Misconduct.

¶11 Wilkinson next argues the prosecutor committed misconduct by improperly shifting the burden of proof during the closing argument. We again review for fundamental error because Wilkinson did not raise the issue at trial. *See Escalante*, 245 Ariz. at 140, 142, ¶¶ 12, 21.

¶12 Prosecutorial misconduct is "intentional conduct which the prosecutor knows to be improper and prejudicial" and that "is not merely the result of legal error, negligence, mistake, or insignificant impropriety." *State v. Martinez*, 221 Ariz. 383, ¶ 36 (App. 2009) (quoting *Pool v. Superior Court*, 139 Ariz. 98, 108-09 (1984)). To prevail on a claim for prosecutorial misconduct, Wilkinson must prove that (1) misconduct is indeed present; and (2) a reasonable likelihood exists that the misconduct could have affected the jury's verdict, denying him a fair trial. *State v. Moody*, 208 Ariz. 424, ¶ 145 (2004). Reversal is warranted when prosecutorial misconduct "so permeated the trial that it probably affected the outcome and denied [the] defendant his due process right to a fair trial." *State v. Blackman*, 201 Ariz. 527, ¶ 59 (App. 2002).

¶13 During closing argument, defense counsel stressed that two victims of the alleged crime did not testify (the wife and daughter) and asked how the State could have met its burden of proof without such "key" witnesses. On rebuttal, the prosecutor countered that the jury heard eyewitness testimony, observations of law enforcement, and saw photos of the victims' injuries. The prosecutor also argued the jury should not "speculate about anyone's position or what they would have said or could have said" if they testified. Defense counsel did not object at trial, but Wilkinson now argues the prosecutor's statement "misled the jury[] and unconstitutionally shifted the burden of proof to [him]."

¶14 We find no fundamental error for at least two reasons. A prosecutor may present "fair rebuttal to an area opened by the defense," *State v. Gillies*, 135 Ariz. 500, 510-11 (1983), and argue the State's case has not been contradicted, *State v. Byrd*, 109 Ariz. 10, 11 (1972). Wilkinson's counsel opened the door in his closing argument on whether the State's

failure to call two witnesses meant it did not meet its burden, and the prosecutor fairly could rebut that argument.

¶15            Beyond that, the prosecutor reiterated the court's instructions that the State bears the burden of proof and the jury may not speculate about evidence not presented at trial. *See State v. Jerdee*, 154 Ariz. 414, 419 (App. 1987). We presume the jurors followed the court's instruction, including that statements of counsel are not evidence. *See State v. Tucker*, 215 Ariz. 298, 319-20, ¶ 89 (2007).

### III.    Law Enforcement Officer's Testimony About Victims of Domestic Violence.

¶16            Wilkinson argues the superior court abused its discretion by allowing the police investigator to testify about victims of domestic violence under Arizona Rule of Evidence ("Rule") 702. We review the court's decision for fundamental error because Wilkinson's counsel did not object after the State offered more foundation in response to his initial objection. *See* Ariz. R. Evid. 103(a)(1).

¶17            A witness may qualify as an expert based on "knowledge, skill, experience, training, or education" and where the expert's "specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue." Ariz. R. Evid. 702(a). When the proper showing is made, law enforcement officers may provide expert testimony based on their training and experience. *See State v. Delgado*, 232 Ariz. 182, 187, ¶ 14 (App. 2013). The court has broad discretion in determining the reliability of expert testimony. *State v. Perez*, 233 Ariz. 38, 43, ¶ 19 (App. 2013). Questions about the level of expertise typically impact the weight and credibility of the testimony, not admissibility. *Delgado*, 232 Ariz. at 186, ¶ 12 (App. 2013).

¶18            Without deciding whether the witness' testimony was properly admitted, we find no fundamental error or prejudice. The officer only provided a brief description of his experience with domestic violence victims and noted their reluctance to cooperate with law enforcement after the initial contact. He did not offer any opinion about the victims here or any statements about all domestic violence victims. Wilkinson then had a chance to cross-examine the officer. On this record, Wilkinson has not met his burden to show fundamental error, including that the challenged testimony went to the foundation of his case, was essential to his defense, or was so egregious as to deny the possibility of a fair trial. *See Escalante*, 245 Ariz. at 142, ¶ 21.

**CONCLUSION**

¶19      We affirm the convictions and sentences.



AMY M. WOOD • Clerk of the Court
FILED: AA