NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

JAMES ALEXANDER PORRELLO, *Appellant.*

No. 1 CA-CR 23-0242
FILED 4-2-2024

Appeal from the Superior Court in Mohave County
No.  S8015CR202200296
The Honorable Billy K. Sipe, Commissioner Judge *Pro Tempore*

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Jana Zinman
*Counsel for Appellee*

Hamp Law Offices LLC, Kingman
By Virginia L. Crews
*Counsel for Appellant*

---

## MEMORANDUM DECISION

Vice Chief Judge Randall M. Howe delivered the decision of the court, in which Presiding Judge Anni Hill Foster and Judge Brian Y. Furuya joined.

---

**H O W E**, Judge:

**¶1**        James Porrello appeals his convictions and sentences for two counts of aggravated assault. We affirm.

### FACTS AND PROCEDURAL HISTORY

**¶2**        In March 2022 two employees of a vehicle repossession business visited Porrello's property to repossess his truck after Porrello failed to make several vehicle loan payments. Porrello, hearing his dogs bark, grabbed a shotgun and accosted the men trying to take his truck. Porrello and the men talked for a time, during which Porrello put the shotgun away. He then called his bank and attempted to verify that it had ordered the repossession but was unsuccessful in so confirming. Porrello then asked the men if they had any paperwork showing that the repossession was lawful. The employees had no printed paperwork but offered to show Porrello their credentials on a laptop kept in the tow truck.

**¶3**        When Porrello returned inside his house, one of the men called the Mohave County Sherriff's Office to report their interaction with the armed and allegedly agitated Porrello. The men waited a few minutes before deciding to leave with Porrello's truck. Upon hearing the tow truck start, Porrello grabbed a black AR-15 rifle and ran outside. He opened fire on the fleeing tow truck, firing "a few" shots. The men heard some "ping" or ricochet noises but were not themselves hit. They fled to a nearby gas station, where they met with a sheriff's deputy and related their story.

**¶4**        Law enforcement agents obtained a search warrant, traveled to Porrello's house, and began an investigation. While Porrello was peacefully detained, detectives searched in and around his property. Inside the home, they found weapons and ammunition, including a black AR-15, a 12-gauge shotgun, and .223 caliber rifle rounds. Seven .223 casings, consistent with the rifle caliber, were found outside the front door of Porrello's home. An inspection of the tow truck revealed at least one hole that the officers believed was consistent with being struck by a bullet.

Meanwhile, an officer interviewed Porrello. Porrello admitted to greeting the men while holding a shotgun in a "low ready position" and to firing six or seven rounds at the fleeing tow truck.

¶5          A few days later, a grand jury indicted Porrello on two counts of disorderly conduct involving a weapon, class 6 felonies, and two counts of aggravated assault, dangerous class 3 felonies. Shortly afterward, the State released its first disclosure statement, listing 21 officers as potential witnesses. Before trial, Porrello moved to exclude certain testimony on two grounds: first, that the State impermissibly sought to elicit expert testimony that marks on the tow truck were consistent with being hit by .223 caliber bullets, and second, that the State had failed to comply with its disclosure requirements under Ariz. R. Crim. P. ("Rule") 15. The court denied the motion on the first ground because the police witnesses were not opining that the markings were definitively caused by bullets, merely that their training allowed them to infer that the markings were consistent with bullet marks. The court granted Porrello's motion as to the second ground for all but one witness, Detective Patterson—an officer who was among the 21 listed in the initial disclosure.

¶6          At trial, the police witnesses ultimately did not testify about the bullet marks. However, one of the victims described the damage to the tow truck as a bullet hole. The police witness Porrello objected to under Rule 15 testified that the rifle was an AR-15 and that the casings found outside the front door of Porrello's home matched the gun's caliber. After deliberation, the jury found Porrello guilty on all charges. At sentencing, the court dismissed Porrello's disorderly conduct charges without objection. The court found several mitigating factors: the victims' requests for leniency, strong family and community support, Porrello's mental health issues, his military service, and his lack of a criminal history. It also found the emotional harm to the victims as an aggravating factor. Finding that the mitigating factors outweighed the aggravating factors, the court imposed consecutive minimum sentences of five years' imprisonment on each count of aggravated assault. The court reasoned that consecutive sentences were appropriate because the two victims each suffered separate harms. Porrello appeals from his convictions and sentences, and we have jurisdiction under Ariz. Const. art. II, § 24 and A.R.S. § 13–4033(A).

## DISCUSSION

¶7          Porrello raises three issues on appeal, arguing that the trial court incorrectly (1) denied his motion to preclude opposing expert testimony, (2) denied in part his motion to preclude witness testimony

3

under Rule 15, and (3) considered an aggravating factor in its decision to impose consecutive sentences. We address each issue in turn.

## I.     Preclusion of Expert Testimony

**¶8**          Porrello asserts that the trial court erred in allowing the victim to testify as an expert witness that the holes in the tow truck were caused by bullets because the State did not disclose him as an expert witness under Rule 15.1(b)(4). This court reviews a trial court's decision to admit or exclude expert testimonial evidence for an abuse of discretion. *State v. Boyston*, 231 Ariz. 539, 544 ¶ 14 (2013) (citation omitted).

**¶9**          Lay witness testimony is limited to an opinion that is "(a) rationally based on the witness's perception; (b) helpful to clearly understanding the witness's testimony or to determining a fact in issue; and (c) not based on scientific, technical, or other specialized knowledge within the scope of [Ariz. R. Evid.] 702." Ariz. R. Evid. 701; *see also State v. Fuentes*, 247 Ariz. 516, 524 ¶ 28 (App. 2019) (citation omitted). Because the victim's testimony that the tow truck was damaged by a bullet was rationally based on his perception of the events and helpful in determining whether Porrello had fired upon the truck, we need only determine whether the victim's testimony was "based on scientific, technical, or other specialized knowledge." Ariz. R. Evid. 701.

**¶10**          Here, the court did not abuse its discretion in finding that the victim's testimony was that of a lay witness and not an expert. The victim described the events as he perceived them without providing scientific or technical opinion. Porrello was free to cross-examine the witness on the damage, and the jury was free to consider whether the damage was, in fact, caused by a bullet. The victim did not claim any special knowledge regarding ballistic physics that proved the damage was caused by a bullet; he merely provided his recollection and understanding of what he perceived. *See State v. Thompson*, 252 Ariz. 279, 297 ¶ 66 (2022) (noting that technician's testimony that a hatchet seemed to have human tissue on it was not definitive in establishing that the substance was, in fact, human tissue). Porrello's argument thus fails.

## II.    Rule 15 Disclosure

**¶11**          Porrello next contends that the State's late notification that it would call Detective Patterson as a witness violated Rule 15.1. This court reviews a trial court's decision whether to preclude or limit witness testimony for an abuse of discretion. *State v. Moody*, 208 Ariz. 424, 457 ¶ 135 (2004) (citation omitted).

¶12          The State "must make available to the defendant . . . the name and address of each person the State intends to call as a witness in the State's case-in-chief and any relevant written or recorded statement of the witness." Ariz. R. Crim. P. 15.1(b)(1). Porrello analogizes the disclosure violation to that which occurred in *Jiminez v. Chaves*, in which this court held that the State's failure to disclose inculpatory DNA evidence until the eve of trial violated the defendant's right to a complete defense. 234 Ariz. 448, 453 ¶ 22 (App. 2014). However, unlike in *Jiminez*, the State's late disclosure here did not prejudice Porrello. The detective here had been listed in the State's initial disclosure, and he did not testify to any new evidence. *See State v. Armstrong,* 208 Ariz. 345, 354 ¶ 43, supplemented, 208 Ariz. 360 ¶ 43 (2004) (finding a delayed disclosure caused no prejudice due to, in part, the witness's inclusion as a codefendant on the defendant's indictment). Porrello was able to proceed to trial as planned with no surprises. The trial court's preclusion of the other new evidence was a sufficient sanction against the State, and the court acted within its discretion in allowing the detective to testify.

## III.    Sentencing

¶13          Porrello contends that the trial court impermissibly considered an aggravating factor in imposing consecutive sentences. Because he did not object at sentencing, this court reviews only for fundamental error. *State v. Garcia*, 541 P.3d 559, 565 ¶ 26 (Ariz. App. 2023).

¶14          Porrello argues that imposing consecutive sentences constituted imposing an aggravated sentence, and that an aggravated sentence can be imposed only when a jury finds aggravating factors, relying on A.R.S. § 13-701(D). Porrello's sentences were not aggravated, however, but mitigated. Whether a sentence should be consecutive or concurrent has nothing to do with aggravation or mitigation but is governed by A.R.S. § 13–711(A), which provides that "[I]f multiple sentences of imprisonment are imposed on a person at the same time, the sentences imposed by the court may run consecutively or concurrently, as determined by the court."

¶15          Here, the trial court imposed consecutive sentences because Porrello committed separate crimes against each victim, and each victim was separately harmed by his conduct. Consecutive sentences are proper where the convictions are for separate and distinct crimes, *State v. Girdler*, 138 Ariz. 482, 489 (1983), and against multiple victims, *State v. Henley*, 141 Ariz. 465, 467 (1984). Porrello's consecutive sentences were lawful.

**CONCLUSION**

¶16         We affirm.



AMY M. WOOD • Clerk of the Court
FILED:    AA